LORAIN COUNTY BAR ASSOCIATION *v.* WESTGATE.

[Cite as *Lorain Cty. Bar Assn. v. Westgate* (1997), 80 Ohio St.3d 34.]

(No. 97–869—Submitted June 11, 1997—Decided October 8, 1997.)

*William P. Lang* and *Daniel A. Cook,* for relator.

*Michael M. Barkus,* for respondent.

*Per Curiam.* We adopt the findings, conclusions, and recommendation of the board. Our Disciplinary Rules, DR 7–101(A)(1), (2) and (3), require that a lawyer not intentionally fail to seek the lawful objectives of a client, fail to carry out a contract of employment, or prejudice or damage a client. In this case, respondent, without consulting his client, suspended her alimony payments and, there-

fore, she has received no alimony for over three years while the motion regarding the amount she should receive has been pending. Since respondent had no clear authority to so compromise his client's case, he violated the Disciplinary Rules as alleged.

Respondent is hereby suspended from the practice of law for six months, but we stay the entire suspension and place respondent on probation for one year and order that during the term of his probation respondent complete a continuing legal education course on law office management. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

DOUGLAS, RESNICK and F.E. SWEENEY, JJ., concur in part and dissent in part.

ALICE ROBIE RESNICK, J., concurring in part and dissenting in part. I concur in the majority holding, but would require respondent to make restitution to Ruth Price for any amount of alimoney due and owing that Price failed to receive from November 15, 1993 until the ruling of the trial court on the motion to terminate alimony.

DOUGLAS and F.E. SWEENEY, JJ., concur in the foregoing opinion.