[This opinion has been published in *Ohio Official Reports* at 83 Ohio St.3d 1.]

COLUMBUS BAR ASSOCIATION *v.* WOLFROM.

[Cite as *Columbus Bar Assn. v. Wolfrom*, 1998-Ohio-418.]

*Attorneys at law—Misconduct—Indefinite suspension—Receiving fees for services*
*not performed—Failing to assist in disciplinary investigation—Default of a*
*child support order.*

(No. 97-2634—Submitted May 13, 1998—Decided August 12, 1998.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and
Discipline of the Supreme Court, No. 97-15.

_____

{¶ 1} In a complaint filed on February 18, 1997, relator, Columbus Bar Association, charged that on three separate occasions respondent, Carl T. Wolfrom of Columbus, Ohio, Attorney Registration No. 0019564, received fees for services that he failed to perform. After respondent answered, the matter was heard by a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board").

{¶ 2} The panel found with respect to count one that in September 1995, Ralph Allen Griffith of Lancaster employed respondent as an additional attorney and paid him a retainer of $5,000 to represent him in a misdemeanor case involving charges of aggravated menacing and production of marijuana. Respondent spoke with the county prosecutor, found that the misdemeanor charges would be dismissed and a felony charge substituted, and did nothing further to represent Griffith in the misdemeanor matter. In December 1995, based on the same facts, a grand jury indicted Griffith on similar felony charges. Aside from appearing unannounced in early 1996 at a hearing in the felony case on a motion to suppress filed by Griffith's original attorney, respondent took no other action on behalf of Griffith. Griffith entered a plea of guilty with respect to the marijuana felony

charge. Respondent then failed to respond to Griffith's request that he return the $5,000 retainer. Respondent admitted and the panel found that respondent had violated DR 1-102(A)(6) (engaging in conduct adversely reflecting upon the fitness to practice law), 2-106(A) (charging a clearly excessive fee), and 6-101(A)(3) (neglecting an entrusted legal matter).

{¶ 3} The second count considered by the panel involved Joseph Thompson, whom respondent represented in 1991 when Thompson was prosecuted for aggravated vehicular homicide. When Thompson was denied parole in 1994 after serving three years of a five-to-ten-year prison term, his parents informed respondent of the denial by mail. Respondent then telephoned the parents several times, indicating that he could get Thompson released on parole by the holidays, meaning Christmas of 1994. The parents paid respondent a retainer of $8,500. Respondent visited Thompson in the penitentiary several times and spoke with the prosecutor. After Christmas in 1994, when their son was not released, the parents were neither able to contact respondent by telephone for over a year, nor to obtain a refund of the $8,500. The panel found that respondent, by soliciting legal work where the likelihood of providing meaningful legal services was nil, violated DR 1-102(A)(6), 1-102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), and 2-106(A).

{¶ 4} The panel found that in March 1996, respondent agreed to represent Paul Suber, who was wanted by federal authorities for a drug offense in Atlanta. Respondent received a fee of $7,500 from Suber's parents on the understanding that he would aid Suber in surrendering, and would attempt to secure a favorable plea bargain for him. Suber's parents expected that respondent would travel to Atlanta, Georgia, and talk to federal officials about their son's case. Respondent denied any such promise. He did attempt unsuccessfully to talk with federal agents in Atlanta by telephone. Respondent also visited Suber on several occasions after Suber was arrested in Columbus, Ohio, in April 1996, and attended a hearing on

his behalf. Suber discharged respondent in June 1996. The panel concluded that respondent's actions and failures to act in the Suber matter violated DR 1-102(A)(6) and 2-106(A).

{¶ 5} The panel also found that for nine months after relator's investigation began, until respondent obtained the services of an attorney, respondent failed to cooperate with relator's investigation in violation of Gov.Bar R. V(4)(G) (no attorney shall refuse to assist in a disciplinary investigation).

{¶ 6} In mitigation, respondent offered letters from five judges and an attorney testifying to his character and ability. He also presented evidence that during the time of the violations, he was addicted to alcohol and was going through a divorce. Respondent indicated that in April 1997, he joined the Ohio Lawyers Assistance Program and at the time of the hearing was in compliance with its requirements.

{¶ 7} In June 1997, the board was notified that the Franklin County Child Support Enforcement Agency had determined that respondent was in default of a child support order.

{¶ 8} The panel recommended that respondent be indefinitely suspended from the practice of law, that he make restitution for the unearned funds received from Griffith, Thompson, and Suber, and that he satisfy all child support arrearages. The board adopted the findings, conclusions, and recommendations of the panel.

_____

*Terry K. Sherman* and *Bruce A. Campbell,* for relator.
*Dennis W. McNamara,* for respondent.

_____

***Per Curiam.***

{¶ 9} Having reviewed the record, we adopt the findings and conclusions of the board. Respondent is hereby indefinitely suspended from the practice of law. Respondent is further ordered to make restitution for the unearned funds received

from Griffith, Thompson, and Suber with statutory interest, and bring his child support obligations current with statutory interest and remain in compliance with those obligations. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

———————————