[This opinion has been published in *Ohio Official Reports* at 88 Ohio St.3d 150.]

COLUMBUS BAR ASSOCIATION *v.* MAGANA.

[Cite as *Columbus Bar Assn. v. Magana*, 2000-Ohio-284.]

*Attorneys at law—Misconduct—Indefinite suspension—Engaging in illegal conduct involving moral turpitude—Engaging in conduct adversely reflecting on fitness to practice law—Advancing financial assistance to a client—Engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation—Engaging in conduct prejudicial to the administration of justice.*

(No. 99-1558—Submitted October 12, 1999—Decided February 23, 2000.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 98-03.

————————————

{¶ 1} On February 17, 1998, relator, Columbus Bar Association, filed a two-count complaint charging respondent, Gualberto Magana of Columbus, Ohio, Attorney Registration No. 0030703, with violating the Code of Professional Responsibility and Rules for the Government of the Bar. Respondent answered, and the matter was heard by a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board").

{¶ 2} The panel found that from October 1994 through March 1996, respondent represented Michelle Tincher-Khalil in a personal-injury matter. He also represented Tincher-Khalil in a paternity case from November 1995 through either May 1996, when respondent claims Tincher-Khalil discharged him, or August 1996, when a decision in the case was rendered. In December 1995, during the course of these representations, Tincher-Khalil moved into and lived in rental property owned by respondent. Respondent did not charge Tincher-Khalil rent, but in May 1996 respondent filed a complaint to evict her for nonpayment of rent.

Sometime after May 1996, and definitely during the period from July to September 1996, respondent had sexual encounters with Tincher-Khalil. Later, in December 1996, respondent prepared pleadings for Tincher-Khalil with which she could initiate a divorce proceeding *pro se*. No evidence indicates that the documents were ever filed.

{¶ 3} The panel concluded that respondent's conduct violated DR 1-102(A)(3) (engaging in illegal conduct involving moral turpitude), 1-102(A)(6) (engaging in conduct that adversely reflects on the lawyer's fitness to practice law), 5-103(B) (advancing financial assistance to a client), and 1-102(A)(1) (violating a Disciplinary Rule).

{¶ 4} The panel further found that on June 20, 1997, respondent pled guilty in the United States District Court to a felony offense of illegally acquiring and possessing United States Department of Agriculture food stamps. He was fined, put on probation, and required to make restitution and perform two hundred hours of community service. The panel further noted that on June 18, 1998, based upon this conviction, we suspended respondent for an interim period. *In re Magana* (1998), 82 Ohio St.3d 1446, 695 N.E.2d 268.

{¶ 5} The panel concluded that respondent's conduct violated DR 1-102(A)(1), 1-102(A)(3), 1-102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), 1-102(A)(5) (engaging in conduct prejudicial to the administration of justice), and 1-102(A)(6).

{¶ 6} The panel recommended that respondent be indefinitely suspended from the practice of law with no credit for time served under the pending interim suspension. The board adopted the findings of the panel. The board also concluded that with respect to his representation of Tincher-Khalil, respondent violated DR 1-102(A)(3), 1-102(A)(6), and 5-103(B), and that with respect to the acts pertaining to his felony conviction respondent violated 1-102(A)(3), 1-102(A)(4), 1-102(A)(5), and 1-102(A)(6). The board adopted the recommendation of the panel.

_____

*Shawnell Williams, Stephen S. Francis* and *Bruce A. Campbell,* for relator.

*Ralph A. Kerns,* for respondent.

_____

***Per Curiam.***

**{¶ 7}** We adopt the findings, conclusions, and recommendation of the board.  Respondent is hereby indefinitely suspended from the practice of law in Ohio with no credit for time served under his pending interim suspension.  Costs are taxed to respondent.

*Judgment accordingly*.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____