[This opinion has been published in *Ohio Official Reports* at 90 Ohio St.3d 1225.]

OFFICE OF DISCIPLINARY COUNSEL ET AL. *v*. NASRALLAH.

[Cite as *Disciplinary Counsel v. Nasrallah*, 2000-Ohio-85.]

*Attorneys at law—Interim remedial suspension ordered immediately—Gov.Bar R. V(5a)(A)(1)(b).*

(No. 00-1677—Submitted October 11, 2000—Decided October 19, 2000.)

ON MOTION FOR INTERIM SUSPENSION PURSUANT TO GOV.BAR R. V(5a)(A)(1)(b).

_____

{¶ 1} On September 18, 2000, and pursuant to Gov.Bar R. V(5a)(A)(1)(b), relators, Office of Disciplinary Counsel and Dayton Bar Association, filed with this court a Motion for Interim Suspension Pursuant to Gov.Bar R. V(5a), alleging that respondent, Fuad B. Nasrallah, a.k.a. Fuad Bahige Nasrallah, had committed numerous violations of the Code of Professional Responsibility and poses a substantial threat of serious harm to the public. On September 28, 2000, respondent filed a response.

{¶ 2} Upon consideration thereof and pursuant to Gov.Bar R. V(5a)(B), it is ordered and decreed that an interim remedial suspension be immediately entered against Fuad B. Nasrallah, a.k.a. Fuad Bahige Nasrallah, Attorney Registration No. 0023893, last known business address in Dayton, Ohio, and that the suspension be effective as of the date of this entry, pending final disposition of disciplinary proceedings predicated on the conduct threatening the serious harm.

{¶ 3} IT IS FURTHER ORDERED that Fuad B. Nasrallah, a.k.a. Fuad Bahige Nasrallah, immediately cease and desist from the practice of law in any form and is hereby forbidden to appear on behalf of another before any court, judge, commission, board, administrative agency, or other public authority.

**{¶ 4}** IT IS FURTHER ORDERED that, effective immediately, he be forbidden to counsel or advise, or prepare legal instruments for others or in any manner perform legal services for others.

**{¶ 5}** IT IS FURTHER ORDERED that he is hereby divested of each, any, and all of the rights, privileges, and prerogatives customarily accorded to a member in good standing of the legal profession of Ohio.

**{¶ 6}** IT IS FURTHER ORDERED that, pursuant to Gov.Bar R. X(3)(G), respondent shall complete one credit hour of continuing legal education for each month or portion of a month of the suspension. As part of the total credit hours of continuing legal education required by Gov.Bar R. X(3)(G), respondent shall complete one credit hour of instruction related to professional conduct required by Gov.Bar R. X(3)(A)(1), for each six months, or portion of six months, of the suspension.

**{¶ 7}** IT IS FURTHER ORDERED that respondent shall not be reinstated to the practice of law in Ohio until (1) respondent complies with the requirements for reinstatement set forth in the Supreme Court Rules for the Government of the Bar of Ohio, (2) respondent complies with this and all other orders issued by this court, (3) respondent complies with the Supreme Court Rules for the Government of the Bar of Ohio, and (4) this court orders respondent reinstated.

**{¶ 8}** IT IS FURTHER ORDERED, *sua sponte*, by the court, that within ninety days of the date of this order, respondent shall reimburse any amounts that have been awarded by the Clients' Security Fund pursuant to Gov.Bar R. VIII(7)(F). It is further ordered, *sua sponte*, by the court that if, after the date of this order, the Clients' Security Fund awards any amount against the respondent pursuant to Gov.Bar R. VIII(7)(F), the respondent shall reimburse that amount to the Clients' Security Fund within ninety days of the notice of such award.

**{¶ 9}** IT IS FURTHER ORDERED that on or before thirty days from the date of this order, respondent shall:

**{¶ 10}** 1. Notify all clients being represented in pending matters and any co-counsel of his suspension and his consequent disqualification to act as an attorney after the effective date of this order and, in the absence of co-counsel, also notify the clients to seek legal services elsewhere, calling attention to any urgency in seeking the substitution of another attorney in his place;

**{¶ 11}** 2. Regardless of any fees or expenses due him, deliver to all clients being represented in pending matters any papers or other property pertaining to the client, or notify the clients or co-counsel, if any, of a suitable time and place where the papers or other property may be obtained, calling attention to any urgency for obtaining such papers or other property;

**{¶ 12}** 3. Refund any part of any fees or expenses paid in advance that are unearned or not paid, and account for any trust money or property in his possession or control;

**{¶ 13}** 4. Notify opposing counsel in pending litigation or, in the absence of counsel, the adverse parties of his disqualification to act as an attorney after the effective date of this order, and file a notice of disqualification of respondent with the court or agency before which the litigation is pending for inclusion in the respective file or files;

**{¶ 14}** 5. Send all such notices required by this order by certified mail with a return address where communications may thereafter be directed to respondent;

**{¶ 15}** 6. File with the Clerk of this court and the Disciplinary Counsel of the Supreme Court an affidavit showing compliance with this order, showing proof of service of notices required herein, and setting forth the address where the affiant may receive communications; and

**{¶ 16}** 7. Retain and maintain a record of the various steps taken by respondent pursuant to this order.

**{¶ 17}** IT IS FURTHER ORDERED that respondent shall keep the Clerk, the Dayton Bar Association, and the Disciplinary Counsel advised of any change of address where respondent may receive communications.

**{¶ 18}** IT IS FURTHER ORDERED, *sua sponte*, that all documents filed with this court in this case shall meet the filing requirements set forth in the Rules of Practice of the Supreme Court of Ohio, including requirements as to form, number, and timeliness of filings.

**{¶ 19}** IT IS FURTHER ORDERED, *sua sponte*, that service shall be deemed made on respondent by sending this order, and all other orders in this case, by certified mail to the most recent address respondent has given to the Attorney Registration Office.

**{¶ 20}** IT IS FURTHER ORDERED that the Clerk of this court issue certified copies of this order as provided for in Gov.Bar R. V(8)(D)(1), that publication be made as provided for in Gov.Bar R. V(8)(D)(2), and that respondent bear the costs of publication.

DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

MOYER, C.J., dissents.

———————————