[This opinion has been published in *Ohio Official Reports* at 90 Ohio St.3d 273.]

OFFICE OF DISCIPLINARY COUNSEL *v*. BROWN.

[Cite as *Disciplinary Counsel v. Brown*, 2000-Ohio-82.]

*Attorneys at law—Misconduct—Indefinite suspension with credit for time served under interim remedial suspension—Engaging in conduct prejudicial to the administration of justice—Engaging in conduct adversely reflecting on fitness to practice law—Neglecting an entrusted legal matter—Neglecting or refusing to assist or testify in a disciplinary investigation or hearing—Failing to maintain a respectful attitude toward the court—Engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation—Accepting multiple employment where professional judgment on behalf of client will be or is likely to be adversely affected.*

(Nos. 98-783 and 98-1793—Submitted July 6, 2000—Decided November 1, 2000.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, Nos. 97-57 and 98-08.

———————————

{¶ 1} On November 30, 1999, relator, Office of Disciplinary Counsel, filed a second amended complaint charging in fourteen counts that respondent, Thomas Christopher Brown of Geneva, Ohio, Attorney Registration No. 0024054, had committed numerous violations of the Code of Professional Responsibility. Respondent answered, and the matter was submitted to a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board").

{¶ 2} The panel found that respondent failed to answer two complaints filed by relator in previous disciplinary actions in 1997 and 1998 and defaults were entered against him. After respondent asked that the two cases be remanded for an

evidentiary hearing on mental illness, the cases were consolidated. In May 1999, respondent was found not to be suffering from mental illness.

{¶ 3} Relator then filed an amended complaint, which respondent did not answer. In October 1999, relator sought and obtained from this court an interim remedial order under Gov.Bar R. V(5a) suspending respondent pending final disposition of the disciplinary matters filed against him. *Disciplinary Counsel v. Brown* (1999), 87 Ohio St.3d 1427, 718 N.E.2d 444. Relator then filed this second amended complaint and respondent answered.

{¶ 4} On the basis of testimony received at a hearing on January 14, 2000, and joint stipulations filed with the board, the panel found that in May 1997, respondent, acting as court-appointed counsel in a criminal matter for Thomas Pasqualone, failed to file a brief so that Pasqualone's appeal was dismissed for failure to prosecute. Respondent also failed to notify his client of the dismissal or respond to his client's letters. In November 1998, respondent failed to file an appellate brief on behalf of Andrew Walsh in a domestic violence matter, and as a result Walsh's appeal was dismissed for failure to prosecute. Respondent also failed to file appellate briefs for Jerry Petrowski in October 1998 and for Ronnie Joe Watson in July 1998, with the result that both of their appeals were dismissed.

{¶ 5} The panel concluded that in each of these matters, respondent violated DR 1-102(A)(5) (engaging in conduct prejudicial to the administration of justice), 1-102(A)(6) (engaging in conduct that adversely reflects on the lawyer's fitness to practice law), and 6-101(A)(3) (neglecting an entrusted legal matter). It also concluded that respondent violated Gov.Bar R. V(4)(G) (neglecting or refusing to assist or testify in a disciplinary investigation or hearing).

{¶ 6} The panel further found that in April 1999, respondent threatened Hon. Thomas E. Harris, Judge of the Conneaut Municipal Court and Chairman of the Ashtabula County Certified Grievance Committee, when he visited the judge's chambers to deliver a response to Petrowski's grievance and concluded that

respondent thereby violated Gov.Bar R. IV(2) (failing to maintain a respectful attitude toward the court).

{¶ 7} The panel found that in September 1998, respondent caused a criminal complaint to be filed against Vincent McCaleb on behalf of Dean Topalof. After the case was dismissed as being improperly commenced, McCaleb sued respondent for damages. Respondent's affidavit attached to his motion to dismiss McCaleb's suit contained false statements. The panel concluded that respondent's actions violated DR 1-102(A)(5) (engaging in conduct prejudicial to the administration of justice).

{¶ 8} The panel also found that in June 1999, when representing Dean Charles on charges of attempted rape, respondent failed to notify his client of a hearing on a motion to require him to provide a DNA sample. The panel concluded that in his representation of Charles, respondent violated DR 6-101(A)(3) (neglecting an entrusted legal matter). In addition, it found that when defending Kim L. Danolfo in a criminal matter, respondent not only failed to comply with a pretrial order, but also lied when questioned by the court in January 1999 with respect to his compliance with a separate pretrial order to obtain an expert witness by a specific date. The panel concluded that in the Danolfo matter, respondent violated DR 1-102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation) and 1-102(A)(5).

{¶ 9} The panel found that in October 1996, respondent represented both Rodney McDivitt, who was charged with assault, and his wife, Tracy McDivitt, who was the alleged victim. Despite being cautioned by the court against representing both parties, respondent sought Fifth Amendment protection for Tracy in both the trial court and later before a grand jury. As a result, Rodney was able to plead guilty to a reduced charge of misdemeanor assault. Similarly, in June 1999, respondent advised Joanne Watkins to invoke the Fifth Amendment when he defended her husband, Barry Watkins, in a domestic violence matter. Again, as a

result, there was a plea to a reduced charge. In each of the McDivitt and Watkins matters, the panel concluded that respondent's dual representation violated DR 5-105(B) (accepting multiple employment where professional judgment on behalf of a client will be or is likely to be adversely affected) and 1-102(A)(5).

{¶ 10} Noting that in June 1999 respondent failed to appear at the sentencing hearing of his client, Gregory Mumau, and then failed to appear at a contempt hearing of his own, the panel concluded that respondent violated DR 1-102(A)(5), 6-101(A)(3), and 1-102(A)(6). In June 1999, respondent did not appear at the arraignment of his client, David P. Slocum, nor did he appear at two show cause hearings directed to himself, and, as a result, the panel concluded that he violated DR 1-102(A)(5) and 6-101(A)(3).

{¶ 11} In mitigation, the respondent stated that he failed to cooperate in the investigation and the initial default findings because he believed that the charges were unfounded and that he failed to appear at hearings because of his busy law practice. The panel recommended that respondent be suspended from the practice of law for two years with credit being given for the time he has been suspended under his interim remedial suspension since October 26, 1999. The board adopted the findings and conclusions of the panel, but recommended that respondent be suspended indefinitely from the practice of law, with credit for the time he has served under his interim remedial suspension since October 26, 1999, the date his interim remedial suspension began.

_____

*Jonathan E. Coughlan*, Disciplinary Counsel, and *Lori J. Brown*, First Assistant Disciplinary Counsel, for relator.

*Thomas C. Brown, pro se.*

_____

**Per Curiam.**

{¶ **12**} We adopt the findings and conclusions of the board. Respondent is indefinitely suspended from the practice of law in Ohio, with credit for the time he has served under his interim remedial suspension since October 26, 1999, the date his interim remedial suspension began. Costs are taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

DOUGLAS, J., not participating.

_____