[This opinion has been published in *Ohio Official Reports* at 90 Ohio St.3d 401.]

**OFFICE OF DISCIPLINARY COUNSEL *v*. MANDEL.**

**[Cite as *Disciplinary Counsel v. Mandel*, 2000-Ohio-98.]**

*Attorneys at law—Misconduct—Indefinite suspension—Engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation—Engaging in conduct prejudicial to the administration of justice—Knowingly making a false statement of law or fact—Participating in the creation of evidence knowing that the evidence is false—Engaging in illegal conduct involving moral turpitude.*

(No. 00-1108—Submitted August 22, 2000—Decided December 13, 2000.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 98-98.

————————————

{¶ 1} On August 27, 1999, relator, Office of Disciplinary Counsel, filed a four-count amended complaint charging respondent, Stewart I. Mandel, a.k.a. Stewart Irwin Mandel, of Cleveland, Ohio, Attorney Registration No. 0026161, with the violation of several Disciplinary Rules. After respondent answered, relator dismissed Count Four of its complaint, and the matter was submitted on agreed stipulations to a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board").

{¶ 2} The panel found that in April 1998, respondent pled guilty in the United States District Court to filing a false corporate tax return for one of his clients, a felony under Section 7206(1), Title 26, U.S.Code. The court sentenced respondent to six months house arrest, two years probation, 250 hours of community service, and a $100 fine. Pursuant to Gov.Bar R. V(5)(A)(4), we suspended respondent. *In re Stewart* (1998), 83 Ohio St.3d 1441, 700 N.E.2d 30. The panel concluded that respondent's conduct violated DR 1-102(A)(3) (a lawyer

shall not engage in illegal conduct involving moral turpitude), 1-102(A)(4) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation), and 1-102(A)(6) (a lawyer shall not engage in conduct reflecting adversely on the fitness of the lawyer to practice law).

{¶ 3} The panel also found that in July 1993, respondent filed an application with the Ohio Department of Commerce to obtain the transfer of a fireworks manufacturing license to a company of which he claimed to be the sole owner. Respondent concealed the fact that financial control of the company was maintained by Lenine Strollo, who, because of a felony conviction, was precluded from involvement with a company engaged in the manufacture of fireworks. Respondent continued to conceal this fact by filing false license renewal applications in 1994, 1995, 1996, and 1997, and by falsely testifying under oath that he was the only representative of the fireworks company at a 1995 hearing on revocation of the fireworks license.

{¶ 4} The panel found that respondent's activities violated R.C. 2921.13(A), which prohibits making a false statement to mislead a public official or to secure a license or permit from a governmental agency. The panel concluded that respondent's concealments and false testimony violated DR 1-102(A)(4), 1-102(A)(5) (a lawyer shall not engage in conduct prejudicial to the administration of justice), 1-102(A)(6), 7-102(A)(5) (a lawyer shall not knowingly make a false statement of law or fact), and 7-102(A)(6) (a lawyer shall not participate in the creation of evidence when he knows or it is obvious that the evidence is false).

{¶ 5} The panel further found that in exchange for an investment of $100,000 by Lenine Strollo, the fireworks company issued stock to Dominic Strollo, Lenine's brother. The purpose of the transfer was to enable Lenine Strollo to control the fireworks company while apparent control was in respondent. The transfer of stock was not documented at the time. When respondent later discovered that federal authorities were investigating the Strollos' involvement

with the fireworks company, he contacted another attorney to create notes to document the transfer of stock. Before the notes could be created, respondent was indicted for and pled guilty to tax fraud. The panel concluded that respondent's actions violated DR 1-102(A)(3), 1-102(A)(4), 1-102(A)(5), and 1-102(A)(6).

{¶ 6} The panel recommended that respondent be indefinitely suspended from the practice of law in Ohio. The board adopted the findings, conclusions, and recommendation of the panel.

---

*Jonathan E. Coughlan*, Disciplinary Counsel, and *Kenneth R. Donchatz*, Assistant Disciplinary Counsel, for relator.

*Don L. Hanni,* for respondent.

---

**Per Curiam.**

{¶ 7} We adopt the findings, conclusions, and recommendation of the board. Respondent is hereby indefinitely suspended from the practice of law in Ohio. Costs are taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

---