[This decision has been published in *Ohio Official Reports* at 91 Ohio St.3d 52.]

COLUMBUS BAR ASSOCIATION *v.* WOLFROM.

[Cite as *Columbus Bar Assn. v. Wolfrom*, 2001-Ohio-283.]

*Attorneys at law—Misconduct—Permanent disbarment—Engaging in conduct adversely reflecting on fitness to practice law—Neglecting an entrusted legal matter—Failing to seek lawful objectives of client—Failing to carry out contract of employment—Prejudicing or damaging client during course of professional relationship—Failing to pay client monies to which client is entitled—Failing to cooperate in disciplinary investigation—Two prior disciplinary suspensions.*

(No. 00-1548—Submitted November 15, 2000—Decided January 31, 2001.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 00-03.

_____

*Per Curiam.*

{¶ 1} In 1998, relator, Columbus Bar Association, received several grievances concerning the professional conduct of respondent, Carl T. Wolfrom of San Francisco, California, Attorney Registration No. 0019564. Relator made numerous attempts by certified mail and by telephone to contact respondent about these grievances both at his former residence in Columbus, Ohio, and at his temporary residence in San Francisco, California. When a representative of relator finally spoke to him in San Francisco, respondent told him that there is "nothing I can afford to do." On February 14, 2000, relator filed a four-count complaint charging respondent with violations of the Code of Professional Responsibility and the Rules for the Government of the Bar. Respondent did not answer, and the matter was referred to Master Commissioner Harry White for hearing and disposition. Relator filed a motion for default with Master Commissioner White

accompanied, as required by Gov.Bar R. V(6)(F), with sworn statements in support of its allegations.

{¶ 2} After reviewing the motion and allegations, the master commissioner found that in 1995, Gary L. Detty paid respondent $5,000 to file an appeal from a conviction for driving under the influence of alcohol and to pay for the cost of the trial transcript. Although respondent filed the notice of appeal for Detty, he did not purchase the trial transcript and without Detty's knowledge dismissed the appeal. Detty obtained a judgment against respondent, which has not been paid. The master commissioner also found that in 1997, Robert Triplett paid respondent $5,500 as an advance fee to complete the probate of his mother's estate. Respondent did not secure the approval of the probate court for the fee and performed no services with respect to the estate. Respondent did not return any portion of the $5,500 to Triplett or provide an accounting to him.

{¶ 3} In addition, the master commissioner found that in 1998, Donald J. Von Dach paid respondent $500 to handle an insurance claim and $1,500 to handle a zoning matter. Respondent took no action in either case and failed to return or account for the $2,000. Also in 1998, Matthew Bailey paid respondent $750 to represent him in a traffic case. Respondent appeared at the initial hearing, but the hearing was rescheduled. Before the rescheduled hearing, we suspended respondent indefinitely from the practice of law. *Columbus Bar Assn. v. Wolfrom* (1998), 83 Ohio St.3d 1, 697 N.E.2d 593. Respondent neither arranged for another attorney to appear for the rescheduled hearing nor refunded any of the fee he had received.

{¶ 4} The master commissioner concluded that respondent's actions and inaction violated DR 1-102(A)(6) (engaging in conduct adversely reflecting on the fitness to practice law), 6-101(A)(3) (neglecting an entrusted legal matter), 7-101(A)(1) (failing to seek the lawful objectives of a client), 7-101(A)(2) (failing to carry out a contract of employment), 7-101(A)(3) (prejudicing or damaging a

client), 9-102(B)(4) (failing to pay to a client monies to which the client is entitled), and Gov.Bar R. V(4)(G) (failing to cooperate in a disciplinary investigation).

{¶ 5} Noting that respondent has been the subject of two prior disciplinary suspensions, in 1997 for child support default, *In re Wolfrom* (1997), 79 Ohio St.3d 1224, 681 N.E.2d 1336, and in 1998 for dishonesty and fraud, *Columbus Bar Assn. v. Wolfrom, supra*, the master commissioner recommended that respondent be permanently disbarred from the practice of law. The Board of Commissioners on Grievances and Discipline of the Supreme Court adopted the findings, conclusions, and recommendation of the master commissioner.

{¶ 6} We adopt the findings, conclusions, and recommendation of the board. Respondent is hereby permanently disbarred from the practice of law in Ohio. Costs are taxed to respondent.

*Judgment accordingly*.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————

*Terry K. Sherman, Bruce A. Campbell* and *Patricia K. Block,* for relator.

————————————