CINCINNATI BAR ASSOCIATION *v.* HOLCOMBE.

[**Cite as *Cincinnati Bar Assn. v. Holcombe***
**(2001), 93 Ohio St.3d 141.**]

(No. 01–410—Submitted April 2, 2001—Decided August 15, 2001.)

---

***Per Curiam.*** On September 30, 1999, being advised that respondent, Marshall Maynard Holcombe, Jr., of London, Ohio, Attorney Registration No. 0023740, was sentenced to two years in prison for attempted felonious assault, we suspended him from the practice of law for an interim period, *In re Holcombe* (1999), 87 Ohio St.3d 1410, 717 N.E.2d 343, and referred the matter for investigation to relator, Cincinnati Bar Association.

On December 6, 1999, relator filed a complaint charging that respondent's felony conviction constituted violations of DR 1–102(A)(3) (engaging in illegal

conduct involving moral turpitude) and 1–102(A)(6) (engaging in conduct adversely reflecting on the lawyer's ability to practice law). The respondent answered, and the matter was referred to a panel of the Board of Commissioners on Grievances and Discipline ("board").

Based upon stipulations of the parties and testimony at a hearing, the panel found that in May 1999, respondent was arrested for assaulting a woman with whom he was having an affair. He pled "no contest" and was sentenced to two years' confinement with credit for the eighty-five days he had served. The panel concluded that respondent's conduct and conviction violated the Disciplinary Rules as charged.

The panel found in mitigation that respondent had not previously been suspended from the practice of law and that at the time of the hearing he had been released on probation after seventeen months in prison. He was then working at a McDonald's Restaurant. It further found that respondent regularly attended Alcoholics Anonymous meetings and while in prison received counseling for anger management and sexual addiction.

The panel recommended that respondent be suspended from the practice of law for one year with no credit for time served. It further recommended that before any reinstatement respondent be required to submit proof that he had registered with the Ohio Lawyers Assistance Program and obtain an OLAP monitor for substance abuse, continue to attend AA meetings at least five time a week, obtain professional counseling, and complete all CLE requirements. The board adopted the findings and conclusions of the panel but recommended that respondent be suspended from the practice of law indefinitely with no credit for time served.

We have reviewed the record in this matter and adopt the findings, conclusions, and recommendation of the board. Respondent is hereby indefinitely suspended from the practice of law in Ohio with no credit for time served. Costs are taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

---

*James A. Vogele,* for relator.

*M. Maynard Holcombe, Jr., pro se.*