[This decision has been published in *Ohio Official Reports* at 93 Ohio St.3d 141.]

CINCINNATI BAR ASSOCIATION *v.* HOLCOMBE.

[Cite as *Cincinnati Bar Assn. v. Holcombe*, 2001-Ohio-1302.]

*Attorneys at law—Misconduct—Indefinite suspension with no credit for time served—Conviction for attempted felonious assault.*

(No. 01-410—Submitted April 2, 2001—Decided August 15, 2001.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 99-74.

_____

*Per Curiam.*

{¶ 1} On September 30, 1999, being advised that respondent, Marshall Maynard Holcombe, Jr., of London, Ohio, Attorney Registration No. 0023740, was sentenced to two years in prison for attempted felonious assault, we suspended him from the practice of law for an interim period, *In re Holcombe* (1999), 87 Ohio St.3d 1410, 717 N.E.2d 343, and referred the matter for investigation to relator, Cincinnati Bar Association.

{¶ 2} On December 6, 1999, relator filed a complaint charging that respondent's felony conviction constituted violations of DR 1-102(A)(3) (engaging in illegal conduct involving moral turpitude) and 1-102(A)(6) (engaging in conduct adversely reflecting on the lawyer's ability to practice law). The respondent answered, and the matter was referred to a panel of the Board of Commissioners on Grievances and Discipline ("board").

{¶ 3} Based upon stipulations of the parties and testimony at a hearing, the panel found that in May 1999, respondent was arrested for assaulting a woman with whom he was having an affair. He pled "no contest" and was sentenced to two years' confinement with credit for the eighty-five days he had served. The panel

concluded that respondent's conduct and conviction violated the Disciplinary Rules as charged.

{¶ 4} The panel found in mitigation that respondent had not previously been suspended from the practice of law and that at the time of the hearing he had been released on probation after seventeen months in prison. He was then working at a McDonald's Restaurant. It further found that respondent regularly attended Alcoholics Anonymous meetings and while in prison received counseling for anger management and sexual addiction.

{¶ 5} The panel recommended that respondent be suspended from the practice of law for one year with no credit for time served. It further recommended that before any reinstatement respondent be required to submit proof that he had registered with the Ohio Lawyers Assistance Program and obtain an OLAP monitor for substance abuse, continue to attend AA meetings at least five time a week, obtain professional counseling, and complete all CLE requirements. The board adopted the findings and conclusions of the panel but recommended that respondent be suspended from the practice of law indefinitely with no credit for time served.

{¶ 6} We have reviewed the record in this matter and adopt the findings, conclusions, and recommendation of the board. Respondent is hereby indefinitely suspended from the practice of law in Ohio with no credit for time served. Costs are taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____

*James A. Vogele,* for relator.

*M. Maynard Holcombe, Jr., pro se.*

_____