[This decision has been published in *Ohio Official Reports* at 94 Ohio St.3d 219.]

OFFICE OF DISCIPLINARY COUNSEL *v.* LONGO.

[Cite as *Disciplinary Counsel v. Longo*, 2002-Ohio-641.]

*Attorneys at law—Misconduct—Permanent disbarment—Conviction of a felony.*

(No. 01-1576—Submitted October 16, 2001—Decided January 30, 2002.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 01-34.

_____

*Per Curiam.*

{¶ 1} On February 13, 2001, being advised that respondent, Thomas G. Longo, presently of Devens, Massachusetts, Attorney Registration No. 0019110, had been convicted of a felony, we suspended him from the practice of law for an interim period. *In re Longo* (2001), 91 Ohio St.3d 1438, 742 N.E.2d 137. On April 9, 2001 relator, Disciplinary Counsel, filed a complaint charging that the conduct which underlay respondent's conviction violated the Code of Professional Responsibility. Respondent answered, and the matter was submitted to a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") on the stipulations of the parties.

{¶ 2} The panel found that in March 1996, after respondent and a business partner had obtained $130,000 as insurance proceeds after a fire destroyed the Wizard's Inn, which they jointly owned in Richmond Heights, Ohio, they each deposited a check for $65,000, representing their respective shares of the proceeds, in Caesar's Palace Casino in Atlantic City, New Jersey. Respondent and his partner then withdrew cash from the Casino, each returning to Ohio with $65,000. On March 11, 1996, respondent gave his partner $70,000 in cash, knowing that the partner intended to travel to Buffalo, New York, to use the funds to obtain marijuana. The partner was arrested the next day by federal agents in Buffalo while

attempting to purchase one thousand pounds of marijuana. Respondent, having knowledge of the commission of a felony, concealed it and did not make it known to any authority of the United States. On November 28, 2000, the United States District Court for the Western District of New York, pursuant to respondent's plea, to misprision of a felony, Section 4, Title 18, U.S.Code, sentenced him to three years in prison.

{¶ 3} The panel concluded that respondent's conduct violated DR 1-102(A)(3) (a lawyer shall not engage in illegal conduct involving moral turpitude), 1-102(A)(4) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation), and 1-102(A)(6) (a lawyer shall not engage in conduct adversely reflecting on the lawyer's fitness to practice law) and recommended that respondent be disbarred from the practice of law in Ohio. The board adopted the findings and conclusions of the panel but recommended that respondent be indefinitely suspended from the practice of law.

{¶ 4} Having reviewed the record, we adopt the findings and conclusions of the board. However, we believe that under the circumstances the recommendation of the panel is appropriate. Respondent is hereby permanently disbarred from the practice of law in Ohio. Costs are taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

F.E. SWEENEY, J., dissents and would indefinitely suspend respondent.

_____

*Jonathan E. Coughlan*, Disciplinary Counsel, and *Stacy Solochek Beckman,* Assistant Disciplinary Counsel, for relator.

*Koblentz & Koblentz, Richard Koblentz* and *Craig J. Morice,* for respondent.

_____

2