[This decision has been published in *Ohio Official Reports* at 94 Ohio St.3d 327.]

COLUMBUS BAR ASSOCIATION *v*. MAGANA.

[Cite as *Columbus Bar Assn. v. Magana*, 2002-Ohio-888.]

*Attorneys at law—Misconduct—Indefinite suspension with no credit for time served under prior suspensions—Continuing to practice law while suspended.*

(No. 01-1180—Submitted October 30, 2001—Decided February 20, 2002.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 00-02.

*Per Curiam*.

{¶ 1} On May 1, 1998, respondent, Gualberto Magana of Columbus, Ohio, Attorney Registration No. 0030703, was sentenced after pleading guilty in the United States District Court to a felony offense of illegally acquiring and possessing United States Department of Agriculture food stamps. He was fined, put on probation, required to make restitution, and directed to perform two hundred hours of community service. On June 18, 1998, based upon this conviction, we suspended respondent from the practice of law for an interim period. *In re Magana* (1998), 82 Ohio St.3d 1446, 695 N.E.2d 268. Later, on February 23, 2000, we indefinitely suspended respondent from the practice of law. *Columbus Bar Assn. v. Magana* (2000), 88 Ohio St.3d 150, 724 N.E.2d 398.

{¶ 2} On August 4, 2000, relator, Columbus Bar Association, filed a three-count amended complaint charging that respondent violated the Code of Professional Responsibility by his actions during the period that he was suspended from the practice of law. Respondent answered, and the matter was referred to a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board").

**{¶ 3}** Based upon evidence at a hearing, the panel found that although respondent was suspended from the practice of law on June 18, 1998, he sent a letter on March 15, 2000, to an insurance claims representative discussing the claims of a client, Robert Martin, on letterhead that bore the heading, "Bert Magana Co., L.P.A." The panel concluded that this conduct of respondent violated DR 1-102(A)(1) (a lawyer shall not violate a Disciplinary Rule), 1-102(A)(4) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation), 1-102(A)(5) (a lawyer shall not engage in conduct prejudicial to the administration of justice), and 3-101(B) (a lawyer shall not practice law in a jurisdiction where doing so is in violation of the regulations of that jurisdiction). The panel dismissed the other two counts of the complaint as not having been proved by clear and convincing evidence.

**{¶ 4}** The panel noted that the normal sanction, absent mitigation, for continuing to practice law while suspended is disbarment. However, the panel noted it had not found a pattern of misconduct by respondent, multiple offenses, a failure to cooperate in the disciplinary process, a refusal to acknowledge the wrongful nature of his conduct, or harm to vulnerable clients. Hence, the panel recommended that respondent be indefinitely suspended from the practice of law in Ohio with no credit for time served under prior suspensions. The board adopted the findings, conclusions, and recommendation of the panel.

**{¶ 5}** On review of the record, we adopt the findings, conclusions, and recommendation of the board. Respondent is hereby indefinitely suspended from the practice of law in Ohio with no credit for any time served under prior suspensions. Costs are taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and LUNDBERG STRATTON, JJ., concur.

COOK, J., dissents.

————————————

**COOK, J., dissenting.**

{¶ 6} Because respondent's misconduct warrants disbarment, I respectfully dissent.

————————————

*Stephen S. Francis, Bruce A. Campbell* and *Patricia K. Block,* for Columbus Bar Association.

*Gualberto Magana, pro se*.

————————————