[This decision has been published in *Ohio Official Reports* at 95 Ohio St.3d 27.]

OFFICE OF DISCIPLINARY COUNSEL *v.* ROLLA.

[Cite as *Disciplinary Counsel v. Rolla*, 2002-Ohio-1366.]

*Attorneys at law—Misconduct—Indefinite suspension—Convictions for obstructing justice, forgery, tampering with records, tampering with evidence, and dereliction of duty.*

(No. 01-1860—Submitted November 28, 2001—Decided March 27, 2002.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 01-45.

_____

*Per Curiam.*

{¶ 1} On April 9, 2001, relator, Office of Disciplinary Counsel, filed a complaint charging respondent, Donald D. Rolla of South Euclid, Ohio, Attorney Registration No. 0029833, with violations of DR 1-102(A)(3) (engaging in illegal conduct involving moral turpitude), 1-102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), and 1-102(A)(6) (engaging in conduct adversely reflecting on lawyer's fitness to practice law). Respondent failed to answer or otherwise responsively plead to the complaint, and relator moved for a default judgment.

{¶ 2} Respondent, formerly an assistant prosecuting attorney for Cuyahoga County, pled guilty, on November 6, 2000, to two counts of obstructing justice, one count of forgery, two counts of tampering with records, one count of tampering with evidence, and one count of dereliction of duty. Dereliction of duty is a misdemeanor; the remaining offenses are felonies. On December 20, 2000, respondent was sentenced to three years of community control, which included serving six months of house arrest, undergoing an evaluation for mental-health treatment, taking ordered medication, receiving periodic testing, submitting to

supervision by the intensive special probation unit, and being evaluated for alcohol usage. Respondent was also fined $2,500 and assessed court costs and a supervision fee. As a result of his convictions, this court suspended respondent from the practice of law for an interim period pursuant to Gov.Bar R. V(5)(A)(4). *In re Rolla* (2001), 91 Ohio St.3d 1451, 742 N.E.2d 148.

{¶ 3} In mitigation, respondent has no prior disciplinary record, and the sentencing judge's conditions suggest that relator suffers from a mental-health impairment and substance abuse.

{¶ 4} The Board of Commissioners on Grievances and Discipline of the Supreme Court referred this case to a master commissioner. He recommended that we find that respondent violated the previously mentioned Disciplinary Rules. The master commissioner, agreeing with relator, recommended that we indefinitely suspend respondent from the practice of law. The board adopted the findings, conclusions, and recommendation of the master commissioner.

{¶ 5} After reviewing the record, we adopt the findings, conclusions, and recommendation of the board. Accordingly, we hereby indefinitely suspend respondent from the practice of law in Ohio. Costs are taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————

*Jonathan E. Coughlan*, Disciplinary Counsel, and *Stacy Solochek Beckman*, Assistant Disciplinary Counsel, for relator.

————————————