[This decision has been published in *Ohio Official Reports* at 96 Ohio St.3d 208.]

OFFICE OF DISCIPLINARY COUNSEL v. WESTGATE.

[Cite as *Disciplinary Counsel v. Westgate*, 2002-Ohio-3997.]

*Attorneys at law—Misconduct—Indefinite suspension—Failing to comply with Supreme Court's orders in previous disciplinary actions—Engaging in conduct prejudicial to the administration of justice—Engaging in conduct adversely reflecting on fitness to practice law—Failing to return client's property—Failing to cooperate in a disciplinary investigation or hearing—Failing to file and update certificate of registration.*

(No. 2002-0326—Submitted April 10, 2002—Decided August 21, 2002.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 01-39.

————————————

**Per Curiam.**

{¶1} In this case we are asked to review the recommendation of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") that respondent, Gregory Westgate, Attorney Registration No. 0036768, whose last known address is in Lorain, Ohio, be indefinitely suspended from the practice of law in Ohio. The board recommended this sanction after finding that respondent had failed (1) to comply with our previous orders in *Lorain Cty. Bar Assn. v. Westgate* (1997), 80 Ohio St.3d 34, 684 N.E.2d 311 ("*Westgate I*"), and *Lorain Cty. Bar Assn. v. Westgate* (1998), 84 Ohio St.3d 1418, 702 N.E.2d 429 ("*Westgate II*"), (2) to maintain current registration and address listing with this court, (3) to return a file requested by a former client, and (4) to cooperate in an investigation of professional misconduct. Based on these findings, the board concluded that respondent had violated DR 1-102(A)(5) (engaging in conduct prejudicial to the administration of justice), 1-102(A)(6) (engaging in conduct that adversely reflects

on an attorney's fitness to practice law), 9-102(B)(4) (failing to return client's property), and Gov.Bar R. V(4)(G) (failing to cooperate), and VI(1)(A) and (D) (failing to file and update certificate of registration). Upon review, we agree with the board's findings of misconduct and that an indefinite suspension from the practice of law is the appropriate penalty.

{¶2} In *Westgate I*, 80 Ohio St.3d 34, 684 N.E.2d 311, we ordered that respondent be suspended from the practice of law for six months because he agreed to an order suspending his client's alimony payments without consulting her. We then stayed imposition of that sanction and placed respondent on a one-year probation during which he was to pursue instruction on managing a law office and pay the costs of the disciplinary proceeding. Respondent did not comply with our order, and on April 15, 1998, we ordered him to show cause why he should not be held in contempt. Respondent also did not comply with the show cause order. Accordingly, in *Westgate II*, 84 Ohio St.3d 1418, 702 N.E.2d 429, we found him in contempt, revoked his probation, and suspended his license to practice law pending his compliance.

{¶3} In July 1999, a former client of respondent began requesting that respondent return his case file and various police reports so that the client could challenge the criminal conviction for which he was serving a prison sentence. The client sent respondent a certified letter documenting his request; however, respondent made no reply.

{¶4} After attempting to contact respondent by mail and subpoena, relator, Disciplinary Counsel, filed a complaint with the board on April 9, 2001, charging respondent with professional misconduct. Relator served respondent through the clerk of this court pursuant to Gov.Bar R.V(11)(B), and when he failed to answer, relator filed a motion for default. Thereafter, relator discovered respondent's cellular telephone number and was able to personally advise respondent of the

disciplinary proceedings. Relator then forwarded a copy of the disciplinary file to respondent and urged him to respond to the default motion. He never did.

{¶5} A master commissioner for the board heard the cause and found the facts as stated, with the additional finding that respondent's official status for the 1999 biennium was " 'not registered.' " The commissioner concluded that respondent's conduct violated the above Disciplinary Rules and recommended that he be indefinitely suspended from the practice of law. The board adopted these findings of misconduct and this recommendation.

{¶6} We agree that respondent violated DR 1-102(A)(5), 1-102(A)(6), 9-102(B)(4), and Gov.Bar R. V(4)(G) and VI(1)(A) and (D). We further agree that respondent's misconduct warrants the penalty recommended. Therefore, we order that respondent be suspended indefinitely from the practice of law in Ohio. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

––––––––––––––––––

Jonathan E. Coughlan, Disciplinary Counsel, and Claudia S. Herrington, Assistant Disciplinary Counsel, for relator.

––––––––––––––––––