DISCIPLINARY COUNSEL *v.* DRAGELEVICH.

[Cite as *Disciplinary Counsel v. Dragelevich,*
106 Ohio St.3d 478, 2005-Ohio-5515.]

(No. 2005–0823—Submitted June 28, 2005—Decided November 2, 2005.)

**Per Curiam.**

{¶ 1} Respondent, J. Walter Dragelevich of Niles, Ohio, Attorney Registration No. 0019672, was admitted to the Ohio bar in 1966. On September 12, 2003, we imposed an interim suspension under Gov.Bar R. V(5) after we received notice that respondent had been convicted of a felony offense. *In re Dragelevich,* 99 Ohio St.3d 1552, 2003-Ohio-4827, 795 N.E.2d 688.

{¶ 2} On April 19, 2004, relator, Disciplinary Counsel, filed a complaint charging respondent with professional misconduct. When service of the complaint on respondent by certified mail could not be completed, the complaint was served on the Clerk of the Supreme Court as respondent's agent pursuant to Gov.Bar R. V(11)(B). Respondent did not answer, and relator moved for default under Gov.Bar R. V(6)(F). A master commissioner appointed by the Board of Commissioners on Grievances and Discipline granted the motion, making findings of misconduct, which the board adopted. The master commissioner recommended an indefinite suspension, and the board agreed, but the board further recommended that respondent be given credit for time served after the interim suspension was imposed on September 12, 2003.

Misconduct

{¶ 3} In 2003, respondent entered a plea of guilty to a federal felony criminal charge in the United States District Court for the Northern District of Ohio, case No. 4:03CR054. He had knowingly caused the odometer on a vehicle to be altered in May 2001 so that the mileage displayed on the odometer changed from 26,624 miles to 16,651 miles. His actions violated Section 32703(2), Title 49, U.S.Code. Respondent was sentenced to a term of two years of probation with a requirement that he perform 100 hours of community service and pay a $5,000 fine.

{¶ 4} Relator alleged in his complaint that respondent had violated DR 1–102(A)(4) (barring conduct involving dishonesty, fraud, deceit, or misrepresentation) and 1–102(A)(6) (barring conduct that adversely reflects on a lawyer's fitness to practice law). The master commissioner and the board found that respondent had indeed violated those provisions.

{¶ 5} In recommending a sanction for the misconduct, the board considered the aggravating and mitigating factors listed in Section 10 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."). On the aggravating side of the equation, the board found that respondent had acted with a dishonest motive. BCGD Proc.Reg. 10(B)(1)(b). In mitigation, the board noted that respondent had no prior disciplinary record and had been punished in federal court for his crime. BCGD Proc.Reg. 10(B)(2)(a) and (f).

{¶ 6} Relator recommended that respondent's license to practice law be indefinitely suspended for his misconduct. The master commissioner accepted this recommendation, and the board further recommended that respondent be granted credit for time served.

{¶ 7} We agree that respondent violated DR 1–102(A)(4) and 1–102(A)(6), and we also agree that an indefinite suspension is the appropriate sanction. We have imposed that penalty in similar cases. See, e.g., *Disciplinary Counsel v. Rolla* (2002), 95 Ohio St.3d 27, 765 N.E.2d 316 (indefinite suspension imposed after lawyer was convicted on several felony charges); *Cincinnati Bar Assn. v. Holcombe* (2001), 93 Ohio St.3d 141, 753 N.E.2d 176 (indefinite suspension imposed after lawyer was convicted on one felony charge).

{¶ 8} Accordingly, respondent is hereby indefinitely suspended from the practice of law in Ohio, with credit for time served after the interim suspension was imposed on September 12, 2003. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

480

Jonathan E. Coughlan, Disciplinary Counsel, and Robert R. Berger, Assistant Disciplinary Counsel, for relator.