TOLEDO BAR ASSOCIATION *v.* COLBURN.

[Cite as *Toledo Bar Assn. v. Colburn,*
99 Ohio St.3d 57, 2003-Ohio-2472.]

(No. 2003–0394—Submitted April 16, 2003—Decided May 16, 2003.)

Per Curiam.

{¶ 1} Respondent, Anthony John Colburn of Monclova, Ohio, Attorney Registration No. 0065164, was admitted to the practice of law in Ohio in 1995. On June 17, 2002, relator, Toledo Bar Association, charged that respondent had violated DR 1–102(A)(6) (engaging in conduct that adversely reflects on an attorney's fitness to practice law). A panel appointed by the Board of Commissioners on Grievances and Discipline heard the cause, making findings of fact, conclusions of law, and a recommendation.

{¶ 2} Based on stipulations and respondent's testimony at the hearing, the panel found that respondent was convicted of one count of willfully fleeing a police officer and one count of vehicular assault, felonies of the third and fourth degree, respectively, in the Lucas County Court of Common Pleas. The convictions arose out of events on the morning of August 27, 2001, when a police officer approached respondent's automobile while respondent was parked in a parking lot in Holland, Ohio. Respondent fled the scene with the police officer in pursuit, lost control of his car and struck another vehicle, seriously injuring the young driver. On January 2, 2002, respondent was sentenced to 27 days in a corrections center and three years of community control. He was also ordered to pay restitution, seek and maintain employment, and submit to professional counseling.

{¶ 3} On February 19, 2002, we suspended respondent's license to practice law on an interim basis pursuant to Gov.Bar R. V(5)(A)(3) (suspension warranted upon notice of an attorney's felony conviction). *In re Colburn* (2002), 94 Ohio St.3d 1474, 763 N.E.2d 183.

{¶ 4} The panel found, consistent with the parties' stipulation, that respondent had violated DR 1–102(A)(6). In recommending a sanction for respondent's serious misconduct, the panel considered the compelling factors presented in mitigation of his convictions. The panel found that before the events at bar, respondent's professional and personal life had been distinguished by achievement and commitment. He excelled in academics, becoming a certified public accountant before obtaining his law degree. Until shortly before the collision, he had practiced with a law firm concentrating in business and tax law and was considered an accomplished attorney. He is married and has a child.

{¶ 5} After the child's birth, respondent's wife became ill with a combination of serious medical conditions. The responsibilities of an ailing wife, a new son, and his demanding work schedule weighed so heavily upon him that respondent, who

had no prior record of professional discipline or serious criminal conduct, began behaving inappropriately in public. Respondent's flight from law enforcement authorities, as well as the collision and injuries he caused on August 27, 2001, resulted from his overwhelming fear that this behavior would be discovered by his family, friends, and colleagues.

{¶ 6} Soon after these events, respondent consulted a psychologist with whom he and his wife are apparently still in therapy. The psychologist assured the panel that respondent had responded well to treatment and made considerable progress. He also reported that it was highly unlikely that respondent would repeat this behavior.

{¶ 7} In addition, respondent conceded his wrongdoing to the panel and apologized deeply for it. He cooperated completely in the disciplinary proceedings and is conscientiously attending court-ordered consultations with a second counselor. As to restitution, respondent does not intend to dispute liability in the lawsuit filed against him by the victim of the collision. Finally, the panel was impressed with the support expressed throughout this ordeal by respondent's colleagues, friends, and family.

{¶ 8} The panel recommended, consistent with the parties' suggestion, that respondent be suspended from the practice of law for one year and be credited for the time his license has been under suspension pursuant to our order of February 19, 2002. The board adopted the panel's findings of misconduct and recommendation.

{¶ 9} We agree that respondent violated DR 1–102(A)(6) and that a one-year suspension, with credit for the suspension period respondent has already served, is appropriate in view of the mitigating circumstances at bar. Accordingly, respondent is hereby suspended from the practice of law in Ohio for a period of one year; however, he is to be credited for the time his license has been under suspension since February 19, 2002. Costs are taxed to respondent.

Judgment accordingly.

RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

MOYER, C.J., LUNDBERG STRATTON, and O'CONNOR, JJ., dissent.

---

**LUNDBERG STRATTON, J., dissenting.**

{¶ 10} Based upon the seriousness of respondent's violations, I would not allow credit for the suspension period he has already served. In addition, as a prerequisite to reinstatement, I would require respondent to submit evidence that

he possesses the requisite mental qualifications to return to the practice of law. Therefore, I respectfully dissent.

MOYER, C.J., and O'CONNOR, J., concur in the foregoing dissenting opinion.

———————

Jonathan B. Cherry, Bar Counsel, and Arnold N. Gottlieb, for relator.

Jon D. Richardson, for respondent.