OPINION
{¶ 1} Defendant-appellant, William Martin, appeals his conviction in the Warren County Court of Common Pleas for felonious assault. We affirm appellant's conviction.
 {¶ 2} In January 2002, appellant was indicted on two counts of felonious assault in violation of R.C. 2903.11(A)(1) and R.C.2903.11(A)(2). Both counts included a repeat violent offender specification. The indictment stemmed from an incident during which appellant beat Jimmie Slaven, his cellmate at the Warren Correctional Facility. Slaven suffered bruising, lost teeth, and several facial fractures as a result of the incident.
 {¶ 3} After a two-day jury trial, appellant was convicted of one count of felonious assault in violation of R.C. 2903.11(A)(1). The second count was dismissed. The trial court sentenced appellant to eight years in prison for the felonious assault count, consecutive to four years in prison for the repeat violent offender specification. Appellant was already serving an indefinite life sentence for aggravated murder.
 {¶ 4} Appellant now appeals his conviction, raising two assignments of error.
 {¶ 5} Assignment of Error No. 1:
 {¶ 6} "The Trial Court erred and denied Mr. Martin due process and a fair trial when it refused Mr. Martin's request for a jury instruction on self-defense."
 {¶ 7} In this assignment of error, appellant argues that the evidence presented at trial necessitated a self-defense instruction by the trial court. In support of his argument, appellant points to testimony that Slaven threatened physical harm and that appellant acted in direct response to that threat.
 {¶ 8} When reviewing a trial court's jury instructions, the proper standard of review for an appellate court is whether the trial court's refusal to give a requested jury instruction constituted an abuse of discretion under the facts and circumstances of the case. State v.Wolons (1989), 44 Ohio St.3d 64, 68. The term abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude was unreasonable, arbitrary, or unconscionable. Id.
 {¶ 9} Appellant had the burden of going forward with evidence of a nature and quality sufficient to raise the affirmative defense of self-defense. R.C. 2901.05(A); State v. Getsy, 84 Ohio St.3d 180, 198,1998-Ohio-533. If the evidence brought forward generated only mere speculation of a self-defense claim, such evidence was insufficient to raise the affirmative defense, and submission of the issue to the jury was unwarranted. Id., citing State v. Melchior (1978), 56 Ohio St.2d 15,20.
 {¶ 10} In Ohio, the affirmative defense of self-defense has three elements: (1) the defendant was not at fault in creating the violent situation, (2) the defendant had a bona fide belief that he or she was in imminent danger of death or great bodily harm and that the only means of escape was the use of force, and (3) that the defendant did not violate any duty to retreat or avoid the danger. State v. Thomas,77 Ohio St.3d 323, 326, 1997-Ohio-269.
 {¶ 11} At trial, Slaven testified that appellant attacked him from behind, beating him with a food tray until he was unconscious. Slaven testified that he did not threaten or intimidate appellant in any way. According to Slaven, he and appellant had recently engaged in an argument. Slaven testified that appellant had been verbally abusive to a prison nurse, and that he told appellant he was "tired of hearing it."
 {¶ 12} Appellant testified that he attacked Slaven in order to prevent Slaven from attacking him later. Appellant testified as follows: "[Slaven] promised to kill me in my sleep. But it was an indirect threat." Appellant continued: "They were implied threats. What he could get done; that type of thing. And he directed them to me." When asked how often Slaven threatened him before the date of the incident, appellant testified as follows: "Just a few times. What really made it come to a head was when he said something about me going to bed, because then I would be vulnerable to him." When asked about the specific threat that led to the attack, appellant could not remember exactly what Slaven said, though he knew it was a threat. Appellant testified that the argument preceding the attack began after Slaven stuck his food tray out the cell door and complained about the food. Appellant told Slaven to let him eat his meal in peace.
 {¶ 13} Later testimony by appellant placed doubt on his self-defense claim. According to appellant, after Slaven complained about the food, he approached Slaven and said, "If you say one more word, I'm going to drill you." Appellant testified that Slaven then pointed to his chin and challenged appellant to hit him. Appellant testified that, at that point, he "drilled" Slaven. Appellant later described the situation as "a simple fight."
 {¶ 14} Based on our review of the evidence, we do not find that the trial court abused its discretion in failing to instruct the jury on self-defense. Appellant did not come forward with sufficient evidence of a bona fide belief that he was in "imminent danger of death or great bodily harm." Appellant's testimony of indirect and implied threats of future harm did not necessitate a self-defense instruction.
 {¶ 15} Appellant also argues that the failure to instruct the jury on self-defense was constitutional error because it denied him a fair trial. We have ruled that the failure to instruct the jury on self-defense was not error. Therefore, appellant was not denied a fair trial and no constitutional error occurred. Accordingly, appellant's first assignment of error is overruled.
 {¶ 16} Assignment of Error No. 2:
 {¶ 17} "The trial court erred and denied Mr. Martin due process and a fair trial when it allowed evidence about Mr. Martin's prior conviction for aggravated murder because this evidence was more prejudicial than probative."
 {¶ 18} In this assignment of error, appellant argues that the trial court abused its discretion by admitting evidence of appellant's prior murder conviction. Specifically, appellant argues that the danger of unfair prejudice outweighed the probative value of the evidence.
 {¶ 19} It is well-established that the admission or exclusion of evidence rests within the sound discretion of the trial court. State v.Robb, 99 Ohio St.3d 59, 68, 2000-Ohio-275. Absent an abuse of discretion, an appellate court will not disturb a ruling by a trial court as to the admissibility of evidence. State v. Martin (1985),19 Ohio St.3d 122, 129.
 {¶ 20} Evid.R. 609, rather than Evid.R. 404(B), governs the admissibility of prior convictions for the purposes of attacking the credibility of a witness. State v. Mayes (Dec. 30, 1999), Madison App. No. CA99-01-002, citing Staff Notes to Evid.R. 404. "Use of character evidence for impeachment under Evid.R. 609 `is a true exception to the policy against admitting evidence of a character trait solely to show action in conformity with that trait.'" Id., citing McCormick, Evidence (5 Ed. 1999) 685, Section 194.
 {¶ 21} Evid.R. 609 does not provide for the wholesale admission of a criminal defendant's prior convictions, but instead creates two categories of admissible prior convictions: (1) felonies, and (2) those involving dishonesty or false statement. Evidence of a defendant's prior felony convictions is admissible only "if the court determines that the probative value of the evidence outweighs the danger of unfair prejudice, of confusion of the issues, or of misleading the jury." Evid.R. 609(A)(2). However, evidence that the defendant has been convicted of a crime involving dishonesty or false statement is automatically admissible, regardless of the punishment and without consideration of unfair prejudice. Evid.R. 609(A)(3).
 {¶ 22} In this case, the trial court allowed the admission of evidence that appellant was convicted of aggravated murder in 1977. The trial court determined that because the case "boiled down to the credibility of two people," the evidence should be allowed for the limited purpose of determining appellant's credibility.
 {¶ 23} In determining whether the trial court abused its discretion, we must consider, pursuant to Evid.R. 609(A)(2), whether the probative value of appellant's conviction outweighed the danger of unfair prejudice. The conviction was of little probative value as it related to appellant's guilt of the felonious assault charge. The conviction was of some probative value as it related to appellant's credibility, which was at issue when he took the stand The conviction was clearly probative as to the repeat violent offender specification alleged in the indictment. With regard to prejudice, there was some danger that the jury would assume guilt of the felonious assault charge simply because appellant was previously convicted of murder.
 {¶ 24} Given the broad discretion afforded trial courts in determining the admissibility of evidence under Evid.R. 609, see Statev. Wright (1990), 48 Ohio St.3d 5, 7, we do not find an abuse of discretion in this case. Even if the trial court abused its discretion in ruling the conviction admissible for credibility purposes, we find that any such error was harmless and did not prejudice appellant. Any danger that the jury would infer guilt from the conviction was minimized by the trial court's jury instructions. The trial court instructed the jury as follows: "[The conviction] can be used only for a limited purpose. It can be used only for the purpose of determining how much weight or credibility should be given to the testimony[.] * * * [Y]ou may not consider it as proof of the character of the Defendant or in order to show that he acted here in conformity with that character. You may consider this evidence only for the purpose of testing the Defendant's credibility and the weight to be given his testimony. It can't be used for any other purpose." Further, we must presume that the jury followed the instructions given it by the trial court. State v. Jones,90 Ohio St.3d 403, 414, 2000-Ohio-187.
 {¶ 25} Additionally, we note the minimal discussion of the conviction at trial. Presumably to preempt any effort by the state to use appellant's conviction against him, appellant's trial counsel asked appellant on direct examination what crime he was convicted of in 1977. Appellant answered, "Aggravated murder." His counsel then proceeded to ask questions about another topic. Appellant's counsel also brought up the conviction in his closing argument, conceding that his client had been convicted of murder. The record does not indicate that the state elicited testimony as to appellant's murder conviction.
 {¶ 26} Furthermore, substantial evidence of guilt was presented at trial. Slaven testified that appellant attacked him from behind without provocation. Appellant himself admitted that he attacked Slaven and hit him repeatedly with his fists, though he claimed he was responding to implied threats. Appellant testified that he struck Slaven after Slaven pointed to his chin and challenged appellant to hit him. Appellant also referred to the situation as a "simple fight," undermining his claim of self-defense. Assuming the conviction had been excluded, the jury still had ample evidence before it to find that appellant knowingly caused serious physical harm to Slaven. Therefore, any error by the trial court was harmless error. See State v. McCrackin, Butler App. No. CA2001 — 04-096, 2002-Ohio-3166, ¶ 43.
 {¶ 27} After reviewing the record, we conclude that even if the trial court erred in admitting evidence of appellant's prior conviction, such error was harmless. Accordingly, appellant's second assignment of error is overruled.
 {¶ 28} Judgment affirmed.
VALEN, P.J., and WALSH, J., Concur.