OPINION
{¶ 1} Defendant-appellant, William Martin, appeals a decision of the Warren County Court of Common Pleas, denying his petition for postconviction relief without a hearing. We affirm the decision of the trial court.
 {¶ 2} Appellant shared a cell with fellow inmate, Jimmie Slaven, at the Warren Correctional Facility in Warren County, Ohio. In July 2001, when they had been cellmates for approximately one month, appellant assaulted Slaven, seriously injuring him. Although Slaven and appellant provided differing accounts of the events leading up to the assault, appellant admitted striking Slaven. Appellant was found guilty of felonious assault in violation of R.C. 2903.11(A)(1). The trial court sentenced appellant to eight years in prison for the felonious assault, consecutive to four years in prison on a repeat violent offender specification. Appellant was already serving an indefinite life sentence for aggravated murder. His felonious assault conviction and sentence were affirmed on appeal. SeeState v. Martin, Warren App. Nos. CA2002-10-111, CA2002-10-115, CA2002-10-116, 2003-Ohio-6551.
 {¶ 3} In March 2003, appellant filed a petition for postconviction relief. Appellee moved for summary judgment. The trial court entered summary judgment in favor of appellee in a decision which contained the court's findings of fact and conclusions of law. Appellant appeals, raising four assignments of error. Because they involve related issues, appellant's first, third and fourth assignments of error will be addressed together. The assignments of error are as follow:
 {¶ 4} Assignment of Error No. 1:
 {¶ 5} "The trial court erred by not holding an evidentiary hearing on the petition for Post-Conviction relief."
 {¶ 6} Assignment of Error No. 3:
 {¶ 7} "The trial court erred when it failed to hold that petitioner was denied effective assistance of counsel in violation of the Sixth and Fourteenth Amendments when his expert witness had contact with a hostile prison official, causing counsel to withdraw a not guilty by reason of insanity plea."
 {¶ 8} Assignment of Error No. 4:
 {¶ 9} "The trial court erred when it failed to hold that petitioner was denied effective assistance of counsel in violation of the Sixth and Fourteenth amendments when counsel failed to prepare an alternative defense for trial."
 {¶ 10} In each of these assignments of error, appellant alleges that his trial counsel was ineffective. Appellant argues that his petition for postconviction relief presented sufficient operative facts supported by evidence outside the record and therefore meets the required pleading standard precluding summary dismissal without an evidentiary hearing.
 {¶ 11} A criminal defendant who seeks to challenge his conviction through a petition for postconviction relief is not automatically entitled to an evidentiary hearing. State v.Calhoun, 86 Ohio St.3d 279, 282, 1999-Ohio-102. "Pursuant to R.C. 2953.21(C), a trial court properly denies a defendant's petition for postconviction relief without holding an evidentiary hearing where the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that petitioner set forth sufficient operative facts to establish substantive grounds for relief." Id. at paragraph two of the syllabus. In addition, before a hearing is warranted, the petitioner must demonstrate that the claimed errors "resulted in prejudice." Id. at 283. A trial court's decision to grant or deny the petitioner an evidentiary hearing is left to the sound discretion of the trial court. See id. at 284 (stating that the postconviction relief "statute clearly calls for discretion in determining whether to grant a hearing").
 {¶ 12} To establish a claim of ineffective assistance of counsel, appellant must show that counsel's actions were outside the wide range of professionally competent assistance and that he was prejudiced as a result of counsel's actions. Strickland v.Washington (1984), 466 U.S. 668, 689, 104 S.Ct. 2052, 2065. Therefore, before a hearing is granted, "the petitioner bears the initial burden to submit evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel and that the defense was prejudiced by counsel's ineffectiveness." State v. Jackson (1980), 64 Ohio St.2d 107, syllabus. Prejudice will not be found unless appellant demonstrates there is a reasonable possibility that, if not for counsel's errors, the result of the trial would have been different. State v. Bradley (1989), 42 Ohio St.3d 136, 143. A strong presumption exists that licensed attorneys are competent and that the challenged action is the product of a sound trial strategy and falls within the wide range of professional assistance. Id. at 142.
 {¶ 13} Appellant first alleges that his trial counsel was ineffective for withdrawing "a viable defense of not guilty by reason of insanity." We find this contention to be without merit.
 {¶ 14} Appellant was evaluated by Dr. Murray Tieger who completed a comprehensive psychological study of appellant. While Dr. Tieger diagnosed appellant with an antisocial personality disorder and depression, Dr. Tieger concluded that appellant "does not meet the criteria for a finding of insanity," and did not give credence to appellant's assertion that the assault was the result of "irresistible impulse." Dr. Tieger's report was the only evidence appellant provided the trial court on this issue; he presented no evidence dehors the record to establish that he was not guilty of the offense because he was insane. Consequently, there is no evidence that trial counsel's performance was outside the range of professionally competent assistance, or that appellant was at all prejudiced by the withdrawal.
 {¶ 15} Appellant also contends that the conclusions contained in Dr. Tieger's report were "tainted by his contact with a hostile prison official who engaged in character assassination." In support of his contention, appellant provided the trial court with an affidavit in which he states that, upon completing the evaluation, "Dr. Tieger turned to the guards and said he was going to see Richard Jesko. This took the guards by surprise because they were under the impression that they had to escort him back out of the prison. The last I saw of Dr. Tieger, he was heading towards Mr. Jesko's office." In his brief, appellant asserts that Mr. Jesko influenced Dr. Tieger's conclusion. Again, however, appellant failed to present any evidence dehors the record to support his contention. While his affidavit reflects his suspicion, it is not evidence which establishes that Dr. Tieger's evaluation was at all unduly influenced.
 {¶ 16} Finally, appellant contends that his counsel was ineffective for failing to interview or subpoena nine additional witnesses. Appellant, in his brief, recites the testimony that he believes each of these witnesses would have provided. Once again, appellant failed to present any evidence dehors the record on this issue.
 {¶ 17} Appellant bears the initial burden to submit evidentiary documents containing sufficient operative facts to demonstrate counsel's ineffective performance. He has simply failed to do so. Consequently, we overrule the first, third and fourth assignments of error.
 {¶ 18} Assignment of Error No. 2:
 {¶ 19} "The trial court erred by not making and filing findings of fact and conclusions of law, and by not addressing both issues in the petition for Post-Conviction relief."
 {¶ 20} While appellant states in his assignment of error that the trial court did not address both of his claims for relief, he subsequently argues in his brief that the trial court did not "separately" address each claim, but rather addressed the issues together. We find both of these contentions to be without merit. Review of the trial court's decision demonstrates that the trial court considered each of appellant's claims that he was deprived of the effective assistance of counsel.
 {¶ 21} Appellant further argues that the trial court failed to issue sufficient findings of fact and conclusions of law in its judgment entry. We disagree.
 {¶ 22} R.C. 2953.21(C) explicitly requires a trial court to make findings of fact and conclusions of law when denying relief on a petition for postconviction relief. "Findings of fact and conclusions of law should be clear, specific and complete. The test of their adequacy is `whether they are sufficiently comprehensive and pertinent to the issue to form a basis for the decision and whether they are supported by the evidence.' * * * The findings and conclusions of the trial court should respond to all material or determinative issues in the case so that an appellate court can determine the basis for the judgment. They should be `* * * explicit enough to give the appellate court a clear understanding of the basis of the trial court's decision, and to enable it to determine the ground on which the trial court reached its decision.'" State v. Clemmons (1989),58 Ohio App.3d 45, 46 (citations omitted).
 {¶ 23} In the present case, the trial court issued a two-page judgment entry addressing each of appellant's claims and explaining why they were without merit. Upon review, we conclude that the trial court's judgment entry includes adequate findings of fact and conclusions of law to satisfy the requirements of R.C. 2953.21(C). Appellant's second assignment of error is overruled.
 {¶ 24} Judgment affirmed.
Valen, P.J., and Powell, J., concur.