JOURNAL ENTRY AND OPINION
{¶ 1} Defendant Herbert Jones (appellant) appeals his conviction for escape. After reviewing the facts of the case and pertinent law, we affirm.
 I. {¶ 2} In September 2003, appellant was placed under the supervision of the Adult Parole Authority (APA) after being released from prison. As part of his postrelease control, appellant was required to report to his parole officer once a month. Appellant failed to report in July and August of 2006, and on August 16, 2006, he was indicted for escape.
 {¶ 3} On March 9, 2007, a jury found appellant guilty of escape, and appellant now appeals his conviction.
 II. {¶ 4} Assignments of error one and three will be addressed together, and they read as follows: "The trial court erred when it did not, sua sponte, order a mistrial because the prosecution's witness testified to defendant-appellant's prior conviction of gross sexual imposition"; and "The trial court erred in failing to, sua sponte, strike the testimony of P.O. Irby as it related to Rule of Evidence 404(B) and the prior acts of the defendant-appellant." Specifically, appellant argues that his parole officer, Tyshawn Irby (Irby), testified about appellant's gross sexual imposition conviction — the underlying offense that led to his postrelease control — that this *Page 4 
evidence should not have been put before the jury because it was too prejudicial, and that as a result he was improperly convicted of escape.
 {¶ 5} We first note that appellant's allegation of mistrial will be reviewed under the plain error standard, as appellant did not move for mistrial in the lower court. Crim.R. 52(B) states that "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." In State v. Long
(1978), 53 Ohio St.2d 91, 94, the Ohio Supreme Court held that the "power afforded to notice plain error, whether on a court's own motion or at the request of counsel, is one which courts exercise only in exceptional circumstances, and exercise cautiously even then." See, also, State v. Widner (1981), 68 Ohio St.2d 188 (holding that a trial court should sua sponte declare a mistrial only when "there is a manifest necessity for the act, or the ends of public justice would otherwise be defeated" and "the power ought to be used with the greatest caution, under urgent circumstances, and for very plain and obvious causes"). (Internal citations omitted.)
 {¶ 6} In State v. Thompson, 102 Ohio St.3d 287, 2004-Ohio-2946, the Ohio Supreme Court held that a parolee who fails to report to his parole officer may be prosecuted for escape under R.C. 2921.34. Furthermore, pursuant to R.C. 2921.34(C)(2)(b), escape is a third degree felony when the offense for which the person was under detention is a third, fourth or fifth degree felony. *Page 5 
 {¶ 7} Evid.R. 403(A) states that relevant evidence is not admissible if it is more prejudicial than probative. Pursuant to Evid.R. 609(B)(2), evidence of a criminal defendant's prior convictions is admissible "if the court determines that the probative value of the evidence outweighs the danger of unfair prejudice, of confusion of the issues, or of misleading the jury."
 {¶ 8} In the instant case, the parties stipulated to appellant's prior conviction to establish that his escape offense was a third degree felony. Subsequently, defense counsel asked Irby the following question: "Do you have any personal knowledge as to why did [the APA] initially label or score my client at a basic high?" Irby answered, "The reason he was placed on a basic high is due to the fact that he's on supervision for a sex offense." The court then ordered the answer be stricken from the record and instructed the jury to disregard that statement.
 {¶ 9} In the instant case, because the severity of the escape depends upon the severity of the underlying crime, appellant stipulated that he had been convicted of, and was under detention for, a fourth degree felony. Appellant argues, however, that it was error for Irby to state that he was under detention for gross sexual imposition or a "sex offense." This testimony was extracted by defense counsel as he was asking Irby to explain what level postrelease control appellant was subject to, or in other words, how often he had to report to the APA. After Irby said "sex offense," the court stated the following: "The court will strike from the record the *Page 6 
testimony only to the extent of the statement he's under supervision for a sex offense."
 {¶ 10} Accordingly, we find that the court did not err in failing to sua sponte declare a mistrial based on Irby's limited testimony of appellant's underlying conviction. See State v. Martin, Warren App. Nos. CA2002-10-111, 115, 116, 2003-Ohio-6551 (holding that if the court abused its discretion in admitting as evidence the defendant's prior conviction for aggravated murder, the error was harmless because the court gave a limiting instruction to the jury regarding the conviction, the conviction was discussed minimally at trial, and substantive evidence of guilt was presented against the defendant). Furthermore, the court did not err in failing to strike Irby's testimony; rather, the court did strike the testimony, and appellant's argument is not well taken.
 {¶ 11} Appellant's first and third assignments of error are overruled.
 III. {¶ 12} In his second assignment of error, appellant argues that "the trial court erred when it did not strike the hearsay testimony of P.O. Irby during his cross examination by the defense."
 {¶ 13} Evid.R. 801(C) defines hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Pursuant to Evid.R. 801(A), a statement may be an oral or written assertion. *Page 7 
 {¶ 14} In the instant case, appellant argues that Irby testified that he was not appellant's initial parole officer, and he did not instruct appellant about postrelease control rules when appellant was first released from prison. However, Irby gave appellant the same set of instructions during their first meeting in August 2004. Irby also testified about the standard APA procedures for assessing and evaluating a parolee. A careful reading of pages 114-122 of the trial transcript, which are the pages that appellant alleges contain improper hearsay statements, shows that Irby's testimony contained no hearsay at all. Irby never testified about a "statement," as envisioned by Evid.R. 801(A), made by another person. In fact, Irby testified that he cannot say what happened in appellant's initial assessment because he was not there, but that he knows appellant signed the paperwork regarding the terms and conditions of supervision because he saw it in appellant's file. Irby also testified that he reiterated these terms and conditions to appellant in August 2004. This testimony does not reference a statement made by another, and without that, there can be no hearsay.
 {¶ 15} Appellant's second assignment of error is overruled.
 IV. {¶ 16} In appellant's fourth and final assignment of error, he argues that "the trial court erred because the verdict was against the manifest weight of the evidence." Specifically, appellant argues that the jury lost its way in convicting him of escape based only on the uncorroborated testimony of Irby. *Page 8 
 {¶ 17} The proper test for an appellate court reviewing a manifest weight of the evidence claim is as follows:
 "The appellate court sits as the `thirteenth juror' and, reviewing the entire record, weighs all the reasonable inferences, considers the credibility of witnesses and determines whether, in resolving conflicts in evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Thompkins (1997), 78 Ohio St.3d 380, 387.
 {¶ 18} In the instant case, Irby testified that appellant failed to report at his parole appointments in July and August 2006. It was also established that appellant was properly under the authority of the APA, he had been under the immediate supervision of Irby for the past two years, and Irby instructed appellant regarding the terms and conditions of his postrelease control. This evidence shows that appellant knew he was breaking the conditions of his detention when he failed to report. This evidence, in toto, meets the elements of the escape offense, and nothing suggests that a guilty verdict was a manifest miscarriage of justice. Appellant's fourth assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence. *Page 9 
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 CHRISTINE T. McMONAGLE, J., and FRANK D. CELEBREZZE, JR., J., CONCUR *Page 1