[Cite as *State v. Delaffuente*, 2015-Ohio-4917.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | | CASE NOS. CA2015-03-040 |
| Plaintiff-Appellee, | : | CA2015-03-042 |
| | : | O P I N I O N |
| - vs - | | 11/30/2015 |
| | : | |
| LUIS DELAFFUENTE, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2014-08-1341

Michael T. Gmoser, Butler County Prosecuting Attorney, Audra R. Adams, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Rapp Law Office, Joshua R. Crousey, One East Main Street, Amelia, Ohio 45102, for defendant-appellant

**S. POWELL, J.**

{¶ 1} Defendant-appellant, Luis Delaffuente, appeals from his conviction in the Butler County Court of Common Pleas after a jury found him guilty of two counts of felonious assault. For the reasons outlined below, we affirm.

{¶ 2} On October 1, 2014, the Butler County Grand Jury returned an indictment charging Delaffuente with two counts of felonious assault in violation of R.C.

2903.11(A)(2), both second-degree felonies. According to the bill of particulars, the charges stemmed from allegations Delaffuente stabbed Tim Hull and Rene Cervantes outside his Butler County home during the early morning hours of August 17, 2014. The matter then proceeded to a three-day jury trial, during which time the trial court denied Delaffuente's request to instruct the jury on the affirmative defense of self-defense. Following deliberations, the jury found Delaffuente guilty of both charges. The trial court then sentenced Delaffuente to serve a total of six years in prison.

{¶ 3} Delaffuente now appeals from his conviction, raising a single assignment of error for review.

{¶ 4} THE TRIAL COURT ERRED BY REFUSING TO PRESENT THE ISSUE OF SELF-DEFENSE TO THE JURY.

{¶ 5} In his single assignment of error, Delaffuente argues the trial court erred by denying his request to instruct the jury on the affirmative defense of self-defense. We disagree.

{¶ 6} "Jury instructions are matters left to the sound discretion of the trial court." *State v. Tucker*, 12th Dist. Butler No. CA2010-10-263, 2012-Ohio-139, ¶ 23. In turn, this court reviews the trial court's decision refusing to provide the jury with a requested instruction for an abuse of discretion. *State v. Adams*, Slip Opinion No. 2015-Ohio-3954, ¶ 240, citing *State v. Wolons*, 44 Ohio St.3d 64, 68 (1989); *State v. McKinney*, 12th Dist. Butler No. CA2011-08-162, 2012-Ohio-4521, ¶ 24. An abuse of discretion implies that the court's decision was unreasonable, arbitrary, or unconscionable, and not merely an error of law or judgment. *State v. Hancock*, 108 Ohio St.3d 57, 2006-Ohio-160, ¶ 130. A decision is unreasonable when it is "unsupported by a sound reasoning process." *State v. Abdullah*, 10th Dist. Franklin No. 07AP-427, 2007-Ohio-7010, ¶ 16, citing *AAAA Ents., Inc.*

*v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161 (1990).

{¶ 7} It is well-established that under Ohio law "self-defense is an affirmative defense." *State v. Martin*, 21 Ohio St.3d 91, 93 (1986). As defined by R.C. 2901.05(D)(1)(b), an "affirmative defense" is a "defense involving an excuse or justification peculiarly within the knowledge of the accused, on which the accused can fairly be required to adduce supporting evidence." The burden of going forward with evidence of self-defense and the burden of proving self-defense by a preponderance of the evidence is upon the accused. *State v. Jones*, 12th Dist. Butler No. CA2012-04-077, 2013-Ohio-654, ¶ 45.

{¶ 8} A trial court does not err in failing to instruct the jury on self-defense where the evidence is insufficient to support the instruction. *State v. Rice*, 12th Dist. Butler No. CA2003-01-015, 2004-Ohio-697, ¶ 26, citing *State v. Palmer*, 80 Ohio St.3d 543, 564 (1997). As a result, if the evidence brought forward generated only mere speculation of a self-defense claim, such evidence is insufficient to raise the affirmative defense, and submission of the issue to the jury is unwarranted. *State v. Martin*, 12th Dist. Warren Nos. CA2002-10-111, CA2002-10-115 and CA2002-10-116, 2003-Ohio-6551, ¶ 9. In determining whether a defendant has introduced sufficient evidence to warrant a jury instruction on self-defense, "the test to be applied is whether the defendant has introduced evidence that, if believed, is sufficient to raise a question in the minds of reasonable persons concerning the existence of the offense." *State v. Ford*, 12th Dist. Butler No. CA2009-01-039, 2009-Ohio-6046, ¶ 19.

{¶ 9} To warrant a jury instruction on self-defense, sufficient evidence must be before the jury specific to three elements: (1) the defendant was not at fault in creating the situation giving rise to the affray, (2) the defendant had a bona fide belief he was in

- 3 -

imminent danger of death or great bodily harm and that his only means of escape from such danger was the use of deadly force, and (3) the defendant did not violate any duty to retreat or avoid the danger. *State v. Gray*, 12th Dist. Butler No. CA2010-03-064, 2011-Ohio-666, ¶ 43, citing *State v. Robbins*, 58 Ohio St.2d 74 (1979), paragraph two of the syllabus.

{¶ 10} After a thorough review of the record, we find no error in the trial court's decision to deny Delaffuente's request to instruct the jury on the affirmative defense of self-defense. As the record reveals, Delaffuente denied ever using deadly force, let alone that he used deadly force as his only means of escape from any imminent danger of death or great bodily harm. In fact, when specifically asked if he ever had a knife that morning, Delaffuente testified, "No. Never." Delaffuente also specifically testified that he "[n]ever used a – have a knife" and that it was possible Hull and Cervantes had merely stabbed themselves. Delaffuente's various defense witnesses testifying on his behalf also denied Delaffuente ever had a knife or used a knife that morning. By denying he ever used deadly force through his own testimony or that of his various defense witnesses, Delaffuente failed to produce sufficient evidence to support a jury instruction on self-defense.

{¶ 11} In reaching this decision, we take this opportunity to clarify an apparent misconception in our prior decision in *State v. Gomez*, 12th Dist. Butler No. CA2012-07-129, 2013-Ohio-2856. In *Gomez*, we noted the appellant "never even admitted to the use of deadly force," and cited to *State v. Densmore*, 3d Dist. Henry No. 7-08-04, 2009-Ohio-6870 and *State v. Grubb*, 111 Ohio App.3d 277, 282 (2d Dist.), for the proposition that an accused "must admit the prohibited conduct[.]" *Id.* at ¶ 12. However, upon closer examination, we find nothing within the three elements necessary to establish a claim of

self-defense that explicitly requires a defendant to waive his Fifth Amendment rights at trial and admit to using deadly force. This is because "[a] defendant who does not testify [at trial] is not precluded from requesting an instruction on self-defense if the evidence otherwise supports the defense." *State v. Eichelbrenner*, 1st Dist. Hamilton No. C-110431, 2013-Ohio-1194, ¶ 24.

{¶ 12} However, as noted by the Ohio Supreme Court, "[i]nasmuch as self-defense is an affirmative defense requiring proof by a preponderance of the evidence, it is incumbent upon a defendant claiming self-defense to offer evidence tending to establish that defense, including, if necessary, his own testimony." *State v. Seliskar*, 35 Ohio St.2d 95, 96 (1973). In turn, "an accused may exercise his right to silence and still prove self-defense through the testimony of other witnesses." *State v. Lyons*, 8th Dist. Cuyahoga No. 43513, 1981 WL 4668, *1 (Dec. 3, 1981). Yet, even then, the evidence tending to establish self-defense need not be offered by a defendant in his case-in-chief. Rather, a defendant may "offer" the necessary evidence through cross-examination of the state's witnesses or simply by relying on other evidence offered by the state. Such is not the case here. Again, as the record reveals, Delaffuente and all of Delaffuente's various defense witnesses testified Delaffuente never had a knife or used a knife that morning.

{¶ 13} Although an admission of the conduct involved is not a necessary prerequisite to a self-defense instruction, a denial of the conduct negates the second element of a self-defense claim; namely, that the defendant had a bona fide belief of imminent danger of death or great bodily harm and the only means of escape from such danger was the use of deadly force. The trial court, therefore, did not err by denying Delaffuente's request to instruct the jury on the affirmative defense of self-defense. *E.g., State v. Edgerson*, 8th Dist. Cuyahoga No. 101283, 2015-Ohio-593, ¶ 18 (trial court did

not err refusing to instruct the jury on self-defense where defendant denied he had a knife, that he did not know how the victim was injured, and that the victim's injuries could possibly have been self-inflicted); *State v. Mitchell*, 8th Dist. Cuyahoga No. 70437, 1997 WL 209170, *3 (Apr. 24, 1997) (trial court did not err refusing to instruct jury on self-defense where defendant denied possessing a knife on the night in question); *State v. Ramey*, 8th Dist. Cuyahoga No. 69080, 1996 WL 112420, *11 (Mar. 14, 1996) (trial court did not err refusing to instruct jury on self-defense where "defendant denied he used *any* deadly force"). Accordingly, Delaffuente's single assignment of error is without merit and overruled.

{¶ 14} Judgment affirmed.

PIPER, P.J., and M. POWELL, J., concur.