[Cite as *State v. White*, 2019-Ohio-3053.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

STATE OF OHIO,                              :

    Appellee,                              :            CASE NO. CA2018-12-087

    - vs -                                      :            O P I N I O N
                                                             7/29/2019

                                                :

TREMAYNE AMIR WHITE,                         :

    Appellant.                             :


CRIMINAL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2018CR000161


D. Vincent Faris, Clermont County Prosecuting Attorney, Katherine Terpstra, 76 South Riverside Drive, 2nd Floor, Batavia, Ohio 45103, for appellee

W. Stephen Haynes, Clermont County Public Defender, Robert F. Benintendi, 302 East Main Street, Batavia, Ohio 45103, for appellant


    **PIPER, J.**

    {¶ 1}  Appellant, Tremayne White, appeals his felonious assault convictions and the accompanying firearm specifications, as well as his conviction for having weapons under disability in the Clermont County Court of Common Pleas.

    {¶ 2}  White agreed to meet the victim at a restaurant parking lot to perform a drug transaction.  Once the victim entered White's car, a backseat passenger held a gun against

the victim's neck while White demanded the victim's money. The victim then fled White's car and jumped into his girlfriend's car. The victim's girlfriend then sped away, and White pursued the car. During the chase, the cars traveled through a residential neighborhood during which time, White fired 8-10 shots at the car. None of the bullets struck the victim or his girlfriend. At the time of the incident, White was under indictment in a different county for burglary, aggravated robbery, carrying concealed weapons, and having weapons under disability. White was also on community control for attempted aggravated assault, which also involved a firearm.

{¶ 3} White was indicted on two counts of attempted murder, two counts of felonious assault, one count of aggravated robbery, one count of improperly handling a firearm in a motor vehicle, and one count of having weapons under disability. The attempted murder, felonious assaults, and aggravated robbery charges also carried firearm specifications.

{¶ 4} White entered a guilty plea to two counts of felonious assault and their firearm specifications, as well as having weapons under disability. The remaining charges and specifications were dismissed. The trial court sentenced White to an aggregate sentence of 12 years. White now appeals his convictions and sentence, raising the following assignments of error.

{¶ 5} Assignment of Error No. 1:

{¶ 6} THE TRIAL COURT COMMITTED PLAIN ERROR IN NOT MERGING HAVING WEAPONS WHILE UNDER DISABILITY WITH FELONIOUS ASSAULT.

{¶ 7} White first argues that the trial court should have merged his conviction for having weapons under disability with his felonious assault convictions.

{¶ 8} As noted in White's assignment of error, he did not object at his sentencing hearing or raise the issue of merger before the trial court. As such, White has waived all but plain error in this regard. "Plain errors or defects affecting substantial rights may be noticed

- 2 -

although they were not brought to the attention of the court." Crim.R. 52(B). Plain error does not exist unless the error is obvious and but for the error, the outcome of the trial would have been different. *State v. Blacker*, 12th Dist. Warren No. CA2008-07-094, 2009-Ohio-5519, ¶ 39. Notice of plain error is taken with the utmost caution and only under exceptional circumstances to prevent a manifest miscarriage of justice. *Id.*

{¶ 9} Pursuant to R.C. 2941.25, the imposition of multiple punishments for the same criminal conduct is prohibited. *State v. Rodriguez*, 12th Dist. Butler No. CA2015-02-024, 2016-Ohio-452, ¶ 23. If any of the following occurs, the defendant may be convicted and sentenced for multiple offenses: "(1) the offenses are dissimilar in import or significance — in other words, each offense caused separate, identifiable harm, (2) the offenses were committed separately, and (3) the offenses were committed with separate animus or motivation." *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, ¶ 25. Two or more offenses of dissimilar import exist "when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable." *Id.* at ¶ 26.

{¶ 10} "At its heart, the allied-offense analysis is dependent upon the facts of a case because R.C. 2941.25 focuses on the defendant's conduct." *Id.* "The defendant bears the burden of establishing his entitlement to the protection provided by R.C. 2941.25 against multiple punishments for a single criminal act." *State v. Lewis*, 12th Dist. Clinton No. CA2008-10-045, 2012-Ohio-885, ¶ 14.

{¶ 11} In arguing that merger should have taken place, White asserts that he did not bring the firearm to the drug transaction, but rather, wrestled it away from the victim when the drug deal went awry. He thus claims that the only reason he possessed the weapon was to immediately protect himself with it and that he had no other reason for possessing the gun.

In support, White argues that an individual who would otherwise be under disability has the right to possess a firearm when confronted with a physical threat or assault on his person by another who has a deadly weapon. *State v. Hardy*, 60 Ohio App.2d 325 (8th Dist.1978). However, this narrow exception is inapplicable to the case sub judice, as White did not possess the gun with the sole and immediate purpose to defend himself.

{¶ 12} Self-defense requires that (1) the defendant was not at fault in creating the situation giving rise to the affray, (2) the defendant had a bona fide belief he was in imminent danger of death or great bodily harm and that his only means of escape from such danger was the use of deadly force, and (3) the defendant did not violate any duty to retreat or avoid the danger. *State v. Delaffuente*, 12th Dist. Butler Nos. CA2015-03-040 and CA2015-03-042, 2015-Ohio-4917, ¶ 9.

{¶ 13} Even if we were to accept White's suggestion that the weapon belonged to the victim and that he did not bring a gun to the drug deal, the record shows that White did not establish he possessed the gun only in self-defense.[1] Instead, White chased the victim and his girlfriend after the victim escaped White's car. White pursued the victim and shot at him and his girlfriend between 8-10 times as the victim's girlfriend sped away from White.

{¶ 14} White never denied that he made the decision to chase the victim while shooting at him, nor does he dispute that he could have driven away from the victim at any point after the victim exited his car. Moreover, White pled guilty to the charges without making any reference to self-defense, and only raised the suggestion that he wrestled the gun away from the victim during his interview for the presentence investigation report ("PSI"). Despite his efforts to lessen his culpability in the PSI, White chose to voluntarily enter a plea of guilty – which plea is a complete admission of guilt knowing the potential for the maximum

---

1. We note information in the PSI, which directly contradicts White's suggestions.

punishment. Crim.R. 11(B)(1).[2]

{¶ 15} Regardless of who owned the gun, the record demonstrates that White's crimes are not allied offenses. White controlled and used the weapon while under disability, which was his conscious decision. The crime was complete upon White's decision to possess the gun, regardless of whether he brought it with him originally or whether he wrestled it from the victim. Separate from that act and animus, White then used the firearm to facilitate an attack on the victim and his girlfriend by shooting at them. The felonious assault conduct was not committed until the first time White pulled the trigger, and by that time, the having weapons under disability crime had already been completed.

{¶ 16} These crimes, completed at different times and with a separate animus, also produced different harm. White having a weapon while under disability is a harm to society as a whole due to the general danger such possession poses. The harm from the felonious assault crimes, on the other hand, was specific to the victim and his girlfriend as the chase unfolded. This is simply not a case where the defendant possessed the weapon simultaneously and *only* with a direct need to defend himself or herself from deadly harm. After reviewing the record, White's crimes are not allied offenses, and his first assignment of error is overruled.

{¶ 17} Assignment of Error No. 2:

{¶ 18} APPELLANT'S TRIAL COUNSEL WAS INEFFECTIVE IN FAILING TO RAISE THE ISSUE OF MERGER.

{¶ 19} White argues in his second assignment of error that his trial counsel was

---

2. White had waived any claim of self-defense by pleading guilty. *State v. Montgomery*, 11th Dist. Ashtabula No. 2009-A-0057, 2010-Ohio-4555 (waiving the claim of self-defense, yet bringing it up later at sentencing, can merely be an effort by the offender to reduce the severity of his actions and look better in the eyes of the court). Defendants have attempted to implicate self-defense after pleading guilty, which can be indicative that the offender concluded he had nothing to gain by going to trial and much to gain by pleading. *State v. Shorter*, 2d Dist. Montgomery No. 12292, 1991 Ohio App. LEXIS 4963 (Oct. 18, 1991).

ineffective for not arguing merger.

{¶ 20} To prevail on an ineffective assistance of counsel claim, an appellant must show his or her trial counsel's performance was deficient, and that he or she was prejudiced as a result. *State v. Clarke*, 12th Dist. Butler No. CA2015-11-189, 2016-Ohio-7187, ¶ 49; *Strickland v. Washington*, 466 U.S. 668, 687-688, 104 S.Ct. 2052 (1984). Trial counsel's performance will not be deemed deficient unless it fell below an objective standard of reasonableness. *Strickland* at 688. To show prejudice, appellant must establish that, but for his trial counsel's errors, there is a reasonable probability that the result of his trial would have been different. *Id.* at 694.

{¶ 21} Given our conclusion in the first assignment of error, that White's convictions were not allied offenses, his trial counsel's performance was not deficient and White cannot demonstrate ineffective assistance. Moreover, a guilty plea waives the right to claim that one was prejudiced by ineffective assistance of counsel, except to the extent that such ineffective assistance made the plea less than knowing, intelligent, and voluntary. *State v. McMahon*, 12th Dist. Fayette No. CA2009-06-008, 2010-Ohio-2055, ¶ 33. White makes no such claim. Thus, White has waived this argument on appeal, and his second assignment of error is overruled.

{¶ 22} Judgment affirmed.

RINGLAND, P.J., and S. POWELL, J., concur.