**[Cite as *State v. Lee*, 2020-Ohio-944.]**

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-190149 |
| | | TRIAL NO. 18CRB-19713 |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| RICARDO G. LEE, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Municipal Court

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  March 13, 2020

*Paula Boggs Muething*, City Solicitor, *William T. Horsley*, Interim City Prosecutor, and *Jon Vogt,* Assistant City Prosecutor, for Plaintiff-Appellee,

*The Law Office of John D. Hill, LLC*, and *John D. Hill, Jr.*, for Defendant-Appellant.

**ZAYAS, Presiding Judge.**

{¶1} Ricardo G. Lee appeals his sentences, after his no-contest pleas, for criminal trespassing and public indecency, both misdemeanors of the fourth degree. In two related assignments of error, Lee contends that the trial court erred by failing to merge his convictions for sentencing, and that he was denied the effective assistance of counsel because his trial counsel did not inform the court that the offenses were allied. Finding no merit to his assignments of error, we affirm the judgment of the trial court.

## Factual Background

{¶2} Ricardo G. Lee was charged with criminal trespassing and public indecency for entering a Domino's Pizza, after being banned from the restaurant by the store manager and a police officer. Lee entered the restaurant, and when the employees refused to serve him, he exposed himself to the employees. He pled no contest to the charges and was found guilty.

{¶3} On the public-indecency conviction, the trial court sentenced Lee to 30 days in jail, suspended one day, gave him credit for the 29 days he had already served, ordered him to pay a $100 fine plus court costs, and placed him on probation for one year. On the criminal-trespassing conviction, Lee was sentenced to 30 days in jail, with 30 days suspended, and a $100 fine plus court costs. The trial court also ordered Lee to stay away from the Domino's Pizza.

## Standard of Review

{¶4} In his first assignment of error, Lee argues that the trial court committed plain error by failing to merge the offenses for purposes of sentencing. As Lee concedes, his trial counsel did not raise the allied-offenses issue to the trial court, so we review the failure to merge for plain error. *See State v. Rogers*, 143 Ohio St.3d

385, 2015-Ohio-2459, 38 N.E.3d 860; *State v. Thompkins*, 1st Dist. Hamilton No. C-160384, 2017-Ohio-1061, ¶ 35. The "imposition of multiple sentences for allied offenses of similar import is plain error." *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 31, citing *State v. Yarbrough*, 104 Ohio St.3d 1, 2004-Ohio-6087, 817 N.E.2d 845, ¶ 96-102.

## Law and Analysis

**{¶5}** Under R.C. 2941.25, a trial court must merge offenses if the conduct of the defendant can be construed to constitute two or more allied offenses of a similar import, and this conduct shows that the offenses were not committed separately or with a separate animus. *See State v. Bailey*, 1st Dist. Hamilton No. C-140129, 2015-Ohio-2997, ¶ 74. The determination of whether offenses are allied contemplates "three separate factors-the conduct, the animus, and the import." *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, paragraph one of the syllabus.

**{¶6}** Offenses of dissimilar import exist when the conduct involves separate victims or if the resulting harm is separate and identifiable. *Id.* at paragraph two of the syllabus. Separate convictions are permitted for allied offenses if the offenses were (1) dissimilar in import or significance, (2) committed separately, or (3) committed with a separate animus or motivation. *Id.* at paragraph three of the syllabus. A reviewing court may end its analysis upon finding that any one of the three applies. *Bailey* at ¶ 83.

**{¶7}** Lee was convicted of criminal trespass in violation of R.C. 2911.21(A)(1) which states: "No person, without privilege to do so, shall do any of the following: (1) Knowingly enter or remain on the land or premises of another." As soon as Lee entered the Domino's Pizza, the criminal trespass was complete. Lee

committed the public-indecency offense after he was refused service by the employees of Domino's Pizza. Thus the offenses were committed separately because they did not arise from the same act. *See State v. Jackson*, 149 Ohio St.3d 55, 2016-Ohio-5488, 73 N.E.2d 414, ¶ 129 (concluding that aggravated burglary and aggravated robbery were not allied offenses because the burglary was complete when the defendant entered the home with the intent to commit murder, theft, or kidnapping, and the aggravated robbery was complete when the defendant stole the victim's car after murdering him). Accordingly, we overrule the first assignment of error.

{¶8} In his second assignment of error, Lee claims he was denied the effective assistance of counsel because his trial counsel did not raise the allied-offense issue to the trial court. To establish ineffective assistance of counsel, an accused must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the accused. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The failure to make either showing is fatal to the claim. *Id.* at 697. A defendant is only prejudiced by counsel's performance if there is a reasonable probability that the outcome of the proceedings would have been different but for the complained-of conduct. *Id.* at 694.

{¶9} Given our resolution of his first assignment of error that the convictions were not allied offenses, trial counsel's failure to argue that the convictions should merge did not constitute ineffective assistance of counsel. *See State v. White*, 12th Dist. Clermont No. CA2018-12-087, 2019-Ohio-3053, ¶ 21. We overrule the second assignment of error.

## Conclusion

{¶10} Having overruled Lee's two assignments of error, we affirm the

judgment of the trial court.

Judgment affirmed.

**MYERS** and **CROUSE, JJ.,** concur.

Please note:

    The court has recorded its own entry this date.