MEDINA COUNTY BAR ASSOCIATION *v.* BAKER.

[Cite as *Medina Cty. Bar Assn. v. Baker,*
102 Ohio St.3d 260, 2004-Ohio-2548.]

(No. 2004–0035—Submitted March 15, 2004—Decided June 2, 2004.)

---

**Per Curiam.**

{¶ 1} Respondent, Martin Baker of Cleveland, Ohio, Attorney Registration No. 0026409, was admitted to the practice of law in Ohio in 1971. On December 9, 2002, relator, Medina County Bar Association, charged respondent with having violated the Code of Professional Responsibility. A panel of the Board of Commissioners on Grievances and Discipline heard the cause, and the board adopted the panel's findings of fact, conclusions of law, and recommendation.

{¶ 2} Respondent, in his private law practice, shared office space in Medina and North Ridgeville, Ohio, with a credit-counseling company, Confidential Credit Counselors ("CCC"). Respondent, who continues to serve as CCC's vice-president of legal affairs, provided services to CCC at these locations, including accepting referrals of customers experiencing credit or other problems and answering CCC credit counselors' legal questions. In exchange, CCC paid respondent's rental, secretarial, and telephone expenses at both locations. CCC also paid for respondent's signage and telephone directory advertisements.

{¶ 3} For a few years before relator's investigation, three separate signs publicized CCC's business and respondent's law practice at 775 West Smith Road in Medina. At the street in front of their offices, one sign displayed CCC's name and logo and immediately below identified "Baker and Baker, Attorneys at Law." Another sign on the glass entryway to the offices displayed CCC's name and logo and immediately below identified "Martin Baker, Attorney at Law." A third sign over the office entrance identified a single telephone number preceded by the following:

CONFIDENTIAL CREDIT COUNSELORS

BAKER & BAKER

ATTORNEYS AT LAW

A FULL SERVICE CREDIT CENTER

{¶ 4} Also during this period, CCC and respondent were listed at the same telephone number at the Medina and at the North Ridgeville office locations. Moreover, during 1997, this description of CCC's and respondent's services appeared in local directory advertisements:

CONFIDENTIAL CREDIT COUNSELORS, INC.

MARTIN BAKER, Attorney at Law

THE CENTER FOR DEBT RELIEF

Stop Lawsuits and Creditor Phone Calls!

Financial Counseling/Negotiated Settlements

Personalized Payment Plans

Free Initial Consultation

Piece [sic] Of Mind With

Experience You Can Depend On

{¶ 5} Upon review, we find that the preceding signage and advertisements failed to distinguish for the public between CCC's credit counseling company and respondent's law firm. Both forms of publicity misled clients as to whether respondent or his law firm was practicing law under the trade name "Confidential Credit Counselors," whether his law practice was offering credit counseling, and the identity, responsibility, and status of those who might be associated with him. See EC 2-10. Because respondent tacitly approved of the signage and advertisements and should have realized their misleading effect, we find that respondent violated DR 2–102(B),[1] which provides:

{¶ 6} "A lawyer in private practice shall not practice under a trade name, a name that is misleading as to the identity of the lawyer or lawyers practicing under the name, or a firm name containing names other than those of one or

---

1. The board found a violation of DR 2–102(B), in part based on a later version of respondent's 1997 directory advertisement that changed "Attorney at law" to "General Counsel." We do not pass upon whether this advertisement also constitutes misconduct because relator did not charge this in its complaint.

more of the lawyers in the firm, except that the name of a professional corporation or association, legal clinic, limited liability company, or registered partnership shall contain symbols indicating the nature of the organization as required by Gov.Bar R. III."

{¶ 7} In determining a sanction for this misconduct, we have considered the mitigating and aggravating factors listed in Section 10 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline. As mitigating features, we find that respondent, who has practiced law for 32 years, has no prior record of professional discipline. Respondent also has a reputation for honesty, integrity, and competence among members of his local bar and has a history of charitable and civic works for his community. In addition, respondent cooperated fully and truthfully in the disciplinary process and has taken steps to correct the advertising that led to relator's complaint. As an aggravating factor, we conclude that respondent, who denied having intentionally tried to take advantage of the public, profited to some degree from his misconduct.

{¶ 8} Relator proposed a public reprimand. The board, after finding a violation of DR 2-102(B), recommended a public reprimand. Although respondent initially urged the board to dismiss the complaint, he has not filed objections to the board's report.

{¶ 9} We agree that respondent committed the cited misconduct and that a public reprimand is appropriate. Respondent is hereby publicly reprimanded for having violated DR 2–102(B). Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

———

Oberholtzer, Filous & Lesiak, John C. Oberholtzer and Kimberly J. Timer; and John C. Crilly, for relator.

Koblentz & Koblentz, Richard S. Koblentz and Bryan L. Penvose, for respondent.