**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Ashtabula Cty. Bar Assn. v. Brown,* **Slip Opinion No. 2017-Ohio-5698.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2017-OHIO-5698

ASHTABULA COUNTY BAR ASSOCIATION *v.* BROWN.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Ashtabula Cty. Bar Assn. v. Brown,* Slip Opinion No. 2017-Ohio-5698.]**

*Attorneys—Misconduct—Violations of the Rules of Professional Conduct— Conditionally stayed two-year suspension.*

(No. 2016-1147—Submitted February 8, 2017—Decided July 6, 2017.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2015-063.

_____

**Per Curiam.**

{¶ 1} Respondent, Thomas Christopher Brown, of Geneva, Ohio, Attorney Registration No. 0024054, was admitted to the practice of law in Ohio in 1981. We suspended his license on an interim basis in October 1999, pending the final disposition of disciplinary matters then pending against him. *Disciplinary Counsel v. Brown*, 87 Ohio St.3d 1427, 718 N.E.2d 444 (1999).

**{¶ 2}** In November 2000, we indefinitely suspended him from the practice of law with credit for the time served under his interim suspension based on findings that he engaged in multiple acts of misconduct. *Disciplinary Counsel v. Brown*, 90 Ohio St.3d 273, 737 N.E.2d 516 (2000). We reinstated his license to practice law in November 2006. *Disciplinary Counsel v. Brown*, 112 Ohio St.3d 1205, 2006-Ohio-6723, 858 N.E.2d 814.

**{¶ 3}** In addition, we have suspended Brown's license on three separate occasions for his failures to comply with the registration requirements of Gov.Bar R. VI. *See In re Attorney Registration Suspension of Brown*, 107 Ohio St.3d 1431, 2005-Ohio-6408, 838 N.E.2d 671; *In re Reinstatement of Brown*, 113 Ohio St.3d 1425, 2007-Ohio-1313, 863 N.E.2d 644; *In re Attorney Registration Suspension of Brown*, 123 Ohio St.3d 1475, 2009-Ohio-5786, 915 N.E.2d 1256; *In re Reinstatement of Brown*, 126 Ohio St.3d 1603, 2010-Ohio-4979, 935 N.E.2d 48; *In re Attorney Registration Suspension of Brown*, 143 Ohio St.3d 1509, 2015-Ohio-4567, 39 N.E.3d 1277; *In re Reinstatement of Brown*, 144 Ohio St.3d 1432, 2015-Ohio-5363, 42 N.E.3d 766.

**{¶ 4}** In a November 2, 2015 complaint, relator, Ashtabula County Bar Association, alleged that Brown had engaged in false or misleading communications about his law practice. Specifically, the complaint alleged that he had erected a sign advertising his law firm as "O'Neill & Brown Law Office" and distributed business cards bearing that firm name even though he was the only employee of the firm.

**{¶ 5}** The parties submitted stipulations of fact, and a panel of the Board of Professional Conduct conducted a hearing. The panel found that Brown committed some of the charged misconduct, recommended that we dismiss allegations that Brown had made knowingly false statements during the disciplinary process, and recommended that he be suspended from the practice of law for six months, fully stayed on conditions. The board adopted the findings of fact, conclusions of law,

and recommendations of the panel and recommends as an additional condition that Brown be ordered to refrain from advertising or communicating in any manner that he is practicing in the "O'Neill & Brown Law Office" except in biographical references to his former law-firm affiliations.

{¶ 6} Relator objects to the board's findings and recommendations, arguing that it carried its burden of proving that Brown made knowingly false statements in the course of the disciplinary proceedings; therefore, relator argues, a more severe sanction is warranted.

{¶ 7} We overrule relator's objections in part and sustain them in part and adopt the board's findings of fact and conclusions of law. For the reasons that follow, we suspend Brown from the practice of law for two years, fully stayed on the conditions recommended by the board.

### Misconduct

{¶ 8} Following Brown's admission to the Ohio bar in 1981, he and William M. O'Neill—who presently serves as a justice of this court—practiced law together at the O'Neill & Brown Law Office. Although they ceased practicing law together in 1997, Brown began using their old firm name with Justice O'Neill's consent in July 2015. Brown installed a sign outside his office advertising it as "O'Neill & Brown Law Office (EST 1981)." He also began distributing business cards bearing the firm name "O'Neill & Brown Law Office" to court personnel, opposing counsel, and potential clients.

{¶ 9} Relator began to investigate allegations of professional misconduct arising from Brown's firm name, signage, and business cards in late July 2015. Brown responded to relator's inquiry in writing, explaining his past affiliation with Justice O'Neill and inquiring as to which rules his conduct may have violated. After relator advised Justice O'Neill that Brown's sign violated the Rules of Professional Conduct, Justice O'Neill instructed Brown to remove his name from the sign.

{¶ 10} Relator later filed a complaint alleging that Brown's use of Justice O'Neill's name violated Prof.Cond.R. 7.1 (prohibiting a lawyer from making or using false, misleading, or nonverifiable communication about the lawyer or the lawyer's services), 7.5(a) (prohibiting a lawyer from using a firm name, letterhead, or other professional designation that is false or misleading), and 7.5(c) (prohibiting the use of the name of a lawyer who holds a public office in a law firm's name during any substantial period in which the lawyer is not actively and regularly practicing with the firm).

{¶ 11} Approximately one month after the hearing, the panel allowed relator to amend its complaint to allege two additional charges based on Brown's alleged false statements during the disciplinary process. First, relator alleged that Brown continued to distribute the offending business cards after the time he testified that he had stopped using them. Relator therefore alleged that Brown had violated Prof.Cond.R. 8.1(a) (prohibiting knowingly making a false statement of material fact in connection with a disciplinary matter) and 8.1(b) (prohibiting a lawyer from failing to disclose a material fact in response to, or knowingly failing to respond to, a demand for information by a disciplinary authority during an investigation). Second, relator alleged that during the disciplinary investigation, Brown told relator that he had removed Justice O'Neill's name from the offending sign in September 2015, when in fact the sign remained unaltered until November 2015. Relator accordingly alleged that Brown also had violated Prof.Cond.R. 8.4(c) (prohibiting a lawyer from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation).

{¶ 12} In support of those charges, relator submitted an affidavit and supporting documents from a potential client's wife, who averred that Brown handed her one of the offending business cards in April 2016, and noted that a witness had testified that Justice O'Neill's name remained on Brown's sign until late November 2015. Brown admitted the factual allegations of the amended

complaint and submitted his own affidavit explaining that he unintentionally distributed one business card bearing the "O'Neill and Brown Law Office" firm name in April 2016.

{¶ 13} The board found that the firm name depicted on Brown's sign and business card and the reference on the sign to the firm's having been established in 1981 were false or misleading communications that violated Prof.Cond.R. 7.1 and 7.5(a). In addition, the board found that Brown's use of Justice O'Neill's name during his term as a justice of this court violated Prof.Cond.R. 7.5(c). The board determined, however, that relator had failed to carry its burden of proof on the new charges alleged in the amended complaint and therefore recommended that we dismiss the alleged violations of Prof.Cond.R. 8.1(a), 8.1(b), and 8.4(c).

{¶ 14} Relator objects to the board's recommendation that we dismiss the alleged violations of Prof.Cond.R. 8.1(a), 8.1(b), and 8.4(c), arguing that its evidence clearly and convincingly demonstrates that Brown intentionally continued to distribute the offending business cards after testifying that he had ceased using them and that he knowingly misrepresented the date that he removed Justice O'Neill's name from the sign outside his office.

{¶ 15} Brown submitted his own affidavit stating that he carried, but "rarely used," an extra business card in his wallet and gave it to his potential client's wife without realizing that it was one of the "O'Neill & Brown" cards that he had "discontinued using in 2015."

{¶ 16} With regard to the offending sign, relator submitted Brown's February 9, 2016 letter to relator, which stated that he had removed Justice O'Neill's name from his business sign "the first week of September 2015." But when confronted with the testimony of the chairperson of the Ashtabula County grievance committee that she saw Justice O'Neill's name on the sign as late as November 23, 2015, Brown testified that he was not certain of the date and that it

"certainly is possible" that Justice O'Neill's name could have remained on the sign through November 2015.

{¶ 17} The panel heard the above evidence, observed the witnesses' demeanor firsthand, and found Brown's explanations to be credible. Because the record does not weigh heavily against that credibility determination, we defer to it. *See*, *e.g.*, *Disciplinary Counsel v. Eichenberger*, 146 Ohio St.3d 302, 2016-Ohio-3332, 55 N.E.3d 1100, ¶ 22. We therefore overrule relator's objections in this regard and adopt the board's findings of fact. We agree that Brown's conduct violated Prof.Cond.R. 7.1, 7.5(a), and 7.5(c) and hereby dismiss the alleged violations of Prof.Cond.R. 8.1(a), 8.1(b), and 8.4(c) based on the insufficiency of the evidence.

**Sanction**

{¶ 18} When imposing sanctions for attorney misconduct, we consider several relevant factors, including the ethical duties the lawyer violated, the aggravating and mitigating factors listed in Gov.Bar R. V(13), any other relevant factors, and the sanctions imposed in similar cases.

{¶ 19} As aggravating factors, the board found that Brown has a prior disciplinary record, his misconduct reflected a selfish motive, he committed multiple offenses, he failed to acknowledge the wrongful nature of his conduct, and he continued to use Justice O'Neill's name on his sign and business card for approximately four months after relator informed him that his actions might constitute professional misconduct. *See* Gov.Bar R. V(13)(B)(1), (2), (4), and (7).

{¶ 20} Brown's prior disciplinary record is significant in that he has received three separate registration suspensions and was under an indefinite suspension for more than six years for conduct that included failing to file appellate briefs in four client matters, threatening a judge who served as the chairperson of the Ashtabula County grievance committee, making false statements in an affidavit attached to his motion to dismiss a lawsuit filed against him, failing to comply with

6

a pretrial order, lying to a judge when questioned about his compliance with a separate pretrial order, representing both the victim and the accused in two separate domestic-violence matters without advising his clients of the inherent conflicts of interest, failing to attend scheduled hearings in two client matters and the ensuing show-cause hearings, and failing to cooperate in the resulting disciplinary investigation. *Brown*, 90 Ohio St.3d 273, 737 Ohio St.3d 516.

**{¶ 21}** As mitigating factors, the board found that Brown demonstrated a cooperative attitude during the disciplinary process, that his misconduct did not involve the provision of legal services, that no clients were negatively impacted by his conduct, and that Justice O'Neill participated in the decision to use the "O'Neill and Brown Law Office" name on the sign in front of Brown's office. *See* Gov.Bar R. V(13)(C)(4).

**{¶ 22}** In deciding the appropriate sanction for Brown's misconduct, the panel and board considered the sanction that we imposed for misleading advertising in *Medina Cty. Bar Assn. v. Baker*, 102 Ohio St.3d 260, 2004-Ohio-2548, 809 N.E.2d 659. Baker tacitly approved signage and advertisements that were misleading as to the identity of the lawyer or lawyers in the practice, whether he or his law firm were practicing under the trade name "Confidential Credit Counselors," and whether the law firm was offering credit counseling. *Id.* at ¶ 5. We balanced a single aggravating factor—that Baker had profited to some degree from his misconduct—against multiple mitigating factors, including the absence of prior discipline; Baker's reputation for honesty, integrity, and competence; his history of charitable and civic works in his community; his full cooperation in the disciplinary process; and the steps he had taken to correct the misleading advertising. *Id.* at ¶ 7. And we determined that a public reprimand was the appropriate sanction for Baker's misconduct. *Id.* at ¶ 9.

**{¶ 23}** Noting the number and nature of the aggravating factors present in this case, the board recommended that Brown be suspended from the practice of

law for six months, fully stayed on several conditions. Although relator objects to the board's recommended dismissal of the alleged violations of Prof.Cond.R. 8.1(a), 8.1(b), and 8.4(c) and to the board's failure to sanction Brown for the conduct underlying those alleged violations, relator does not contest the stayed six-month suspension that the board recommended for Brown's violations of Prof.Cond.R. 7.1, 7.5(a), and 7.5(c).

{¶ 24} In light of the significant aggravating factors in this case—including Brown's prior indefinite suspension from the practice of law, his selfish motive for using Justice O'Neill's name and the prestige of Justice O'Neill's position as a justice of this court to enhance his own reputation, his failure to acknowledge or appreciate the wrongful nature of his misconduct, and his failure to timely modify his sign and business cards once relator put him on notice that they were misleading—we do not believe that a fully stayed six-month suspension will adequately protect the public from future harm.

{¶ 25} Accordingly, we suspend Thomas Christopher Brown from the practice of law for two years, fully stayed on the board-recommended conditions that he (1) remove any reference to his firm's having been established in 1981, (2) within 60 days of the date of our decision, permanently alter the signage outside his law office to remove the name "O'Neill," (3) within 14 days of the date of our decision, destroy all business cards bearing the name "O'Neill & Brown Law Office" and submit an affidavit to this court averring that the cards have been destroyed, (4) refrain from advertising or communicating in any manner that he is practicing in the "O'Neill & Brown Law Office" except in biographical references to his former law-firm affiliations, and (5) engage in no further professional misconduct. If he violates a condition of the stay, the stay will be lifted and he will serve the entire two-year suspension. Costs are taxed to Brown.

Judgment accordingly.

KENNEDY, FRENCH, MCCORMACK, and DEWINE, JJ., concur.

8

O'DONNELL, J., dissents, with an opinion joined by O'CONNOR, C.J., and FISCHER, J.

JOHN TIMOTHY MCCORMACK, J., of the Eighth District Court of Appeals, sitting for O'NEILL, J.

_____

**O'DONNELL, J., dissenting.**

{¶ 26} Respectfully, I dissent.

{¶ 27} Attorney Thomas Brown installed a sign and printed and distributed business cards bearing the name of "O'Neill & Brown Law Office." I agree with the majority that Brown's conduct violates Prof.Cond.R. 7.1 (prohibiting false, misleading, or nonverifiable communications about the lawyer or the lawyer's services), 7.5(a) (prohibiting use of a false or misleading firm name, letterhead, or other professional designation), and 7.5(c) (prohibiting use of the name of a lawyer who holds a public office in a law firm's name when the lawyer is not practicing with the firm).

{¶ 28} The majority apparently agrees with the board's determination that a mitigating factor is that "Justice O'Neill participated in the decision to use the 'O'Neill and Brown Law Office' name on the sign in front of Brown's office." Majority opinion at ¶ 21.

{¶ 29} In my view, there is nothing mitigating about that fact.

{¶ 30} Because judges are prohibited from lending their names to law firms, the fact that Brown obtained consent to use the "O'Neill" name cannot be deemed mitigating; rather, this is aggravating misconduct. For this reason, a fully stayed suspension from the practice of law is not a sufficient sanction in these circumstances.

{¶ 31} Further aggravating his misconduct is the fact that after the Ashtabula County Bar Association alerted him that the law firm sign violated the Rules of Professional Conduct, he continued using the "O'Neill" name on the sign

until November 2015 and on his business card until April 2016, despite the fact that he had stipulated to the board that he was no longer using that business card. The majority recognizes Brown's "selfish motive for using Justice O'Neill's name and the prestige of Justice O'Neill's position as a justice of this court to enhance his own tarnished reputation," majority opinion at ¶ 24, but it fails to grasp that Brown also created an appearance of impropriety by representing that he was practicing law in a legal partnership with a sitting justice of the Supreme Court of Ohio. This deceitful conduct demands a serious sanction involving time out from the practice of law in order to protect the public from being misled about the nature of a professional legal engagement with Brown.

{¶ 32} This court previously indefinitely suspended Brown for a period of six years, and he has been the subject of three attorney-registration suspensions, two of which we imposed subsequent to his reinstatement.

{¶ 33} In my view, in light of his previous discipline, the appropriate sanction for Brown's misconduct is an indefinite suspension.

O'CONNOR, C.J., and FISCHER, J., concur in the foregoing opinion.

_____

Harold E. Specht Jr., Bar Counsel, for relator.

Thomas C. Brown, pro se.

_____